COMMONWEALTH *vs.* ERNEST SCOTT. March 1, 1985. *Practice, Criminal,* Continuance.

The defendant was convicted of unarmed robbery following a jury-waived trial in the Superior Court. (A second conviction for assault and battery was placed on file with the defendant's consent, and is not before us, see *Commonwealth* v. *Tavares,* 385 Mass. 140, 141 n.1 [1982].) The defendant argues that the trial judge erred in refusing to continue the trial to enable his counsel to locate a potential witness. We affirm.

The indictments arose out of an incident at a party in Haverhill during the early morning hours of August 27, 1983. The victim claimed that the defendant approached him at the party, invited him to come outside, demanded money, and, when the victim refused, proceeded to beat and rob him. The defendant entered not guilty pleas to the indictments on September 16, 1983. The case was thereafter continued several times (two of the continuances bore the notation that the continuance date was the date "for trial").

---

On Wednesday, January 11, 1984, the case was again called for trial. Before trial, defense counsel moved for a one-week continuance to follow up on a lead concerning a woman who had attended the same party as the victim and the defendant. Defense counsel told the judge that she had "reason to believe that this female participated in the . . . incident." Defense counsel, however, did not disclose the source of her information. To the extent that the lead came from the defendant, defense counsel stated that she did not feel "obligated to state . . . [t]he [d]efendant's version of the facts." Defense counsel indicated that she sought the one-week continuance to interview the woman and, if need be, to prepare her to testify at the trial.

The prosecutor opposed the continuance. He argued that there was nothing to show that the woman had witnessed the incident. He also pointed out that the police investigation revealed only that a woman who had been present at the party had been taken into protective custody sometime between twenty minutes to one-half hour after the defendant's arrest. The judge granted the requested one-week continuance over the prosecutor's objection.

On Wednesday, January 18, 1984, the case was again before the same judge for trial. The Commonwealth's witnesses were present. Defense counsel moved for another continuance to locate the woman. Defense counsel indicated that the first address given her by the police for the woman had turned out to be an untenanted building undergoing renovations and that on Friday afternoon (January 13) she had obtained a new address from the probation office. That address was in Merrimack, about twenty-five miles from Salem. Counsel also represented that she did not have time to locate the woman in the four days intervening between the 13th and the trial date of the 18th. She pointed out that a weekend was involved, that Monday the 16th had been a holiday, and that over-all she had "other cases and other responsibilities" to tend to. As to what the woman might say, defense counsel represented that "[t]he defendant's story would be to the effect [that] there was a dispute with the victim over a girl. This is the girl." Counsel also stated that she "believe[d] that the girl's testimony corroborates that of the [d]efendant who has a prior criminal record [and] who would require some corroboration on the stand if his record were permitted."

The prosecutor opposed this additional continuance, noting that defense counsel's assertion that the woman was present during the fight was "not supported in any way by an affidavit from the defendant himself." The prosecutor expressed doubt that the woman could be characterized as a material witness because all that was known about her was that she had been taken into protective custody about twenty minutes after the defendant had been arrested. The prosecutor also indicated his view that defense counsel had not been diligent in acquiring the woman's address. He pointed out that defense counsel had waited for a disabled police officer to return to duty to obtain the first address for the woman rather than asking the prosecutor's office for assistance in locating the woman. The judge denied the continuance, and the case went to trial.

"Whether a motion for continuance should be granted . . . lies within the discretion of the judge, whose action will not be disturbed unless there is a clear abuse of discretion." *Commonwealth* v. *Watkins,* 375 Mass. 472, 490 (1978). See *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 276 (1973); *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-51 (1976); *Commonwealth* v. *Funderberg,* 374 Mass. 577, 580-581 (1978). There is no mechanical test for deciding when a denial of a continuance is so arbitrary as to constitute a violation of a defendant's constitutional right to a fair trial. Each case is to be decided on its own facts with due regard to the efficient administration of justice, and the rights of the defendant, the public, the victim, and the witnesses. *Commonwealth* v. *Cavanaugh, supra* at 51, and cases cited.

The defendant bore the burden of justifying the need for the continuance. Crucial to the motion was a determination of how the potential witness might measurably contribute to the resolution of the factual conflict expected at the trial. Pretrial discovery had been ample and that discovery revealed nothing about a woman's having witnessed the incident. There is no contention that either the police or the prosecutor had withheld any material information about what the woman knew or her whereabouts. At best, defense counsel could only speculate that the woman might possibly corroborate the defendant's "version of the facts." Conspicuously absent was any affidavit by the defendant which might explain his version of the facts and the manner in which the woman would corroborate them. See the requirements in the first paragraph of Rule 4 of the Superior Court (1974). See also Smith, Criminal Practice and Procedure §§ 1125 and 1126 (2d ed. 1983). (An affidavit by defense counsel added nothing on the subject of materiality beyond counsel's general beliefs which were based on the defendant's undisclosed account of the incident.) Nor was process sought, while there was still time for it, to obtain the woman's presence at the trial. See Mass.R.Crim.P. 17, 378 Mass. 885 (1979). See also *Commonwealth* v. *Chase,* 14 Mass. App. Ct. 1032, 1034 (1982). All in all, based on the absence of any reference to the woman in the victim's statement and in the police investigation, the judge could logically have concluded, despite defense counsel's protestations to the contrary, that the woman had no relevant information.

Moreover, defense counsel provided only a weak excuse for her inability to check the woman's new address in the four days prior to the January 18th trial date. That dilatory behavior is made important by the fact that defense counsel knew or should have known that the prosecutor was assembling witnesses for trial and would oppose any request for a further continuance. Finally, looking at the whole matter in hindsight, there is no indication that the woman was seen by defense counsel after the trial. If the woman's testimony was as crucial as claimed, it would seem that counsel would have made some effort to locate her after the trial. This failure provides some support for conclusions that the woman either could not be located or that her testimony was not relevant.

We conclude that the judge's action in putting the case to trial is support-able and, therefore, that the denial of the continuance did not infringe on the defendant's constitutional right to a fair trial.

*Judgment affirmed.*

*Eric Brandt* for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the Commonwealth.