**The STATE of North Dakota,
Plaintiff and Appellee,**

v.

**Werner KUNKEL, Defendant
and Appellant.**

**Cr. No. 890263.**

Supreme Court of North Dakota.

March 1, 1990.

Lewis C. Jorgenson, State's Atty., Devils Lake, for plaintiff and appellee.

Thomas L. Trenbeath of Fleming, DuBois & Trenbeath, Cavalier, for defendant and appellant.

VANDE WALLE, Justice.

Werner Kunkel appealed from a county court judgment which found him guilty of driving while his license was suspended. Kunkel contends that the trial court erred in refusing to grant his counsel's motion for a continuance, and further erred in denying his counsel's motion to withdraw

from representation. We reverse the criminal judgment and remand for a new trial.

At 3:00 a.m. on May 23, 1989, Officer Kent Schafer and Officer Nancy Rocamontes of the Devils Lake Police Department were patrolling on Old U.S. Highway 2. Officer Schafer was driving the patrol car while Officer Rocamontes rode in the passenger seat. As the officers drove west along the highway, they encountered a blue 1976 Trans Am traveling east. The officers recognized the vehicle as belonging to the girlfriend of Werner Kunkel. When the Trans Am and the patrol car met, the officers' headlights shone on the windshield of the Trans Am. While Officer Rocamontes did not observe the driver of the Trans Am, Officer Schafer believed that he saw Kunkel driving the vehicle. Neither officer saw any other individual in the vehicle when they passed it. Realizing that Kunkel's driver's license had been previously suspended, Officer Schafer slowed the patrol car, made a U-turn on the highway, and began to pursue the Trans Am. Officer Schafer eventually spotted the vehicle in a parked position approximately two city blocks in front of the patrol car. Two men, Kunkel and Jeff Myhro, were standing near the front end of the Trans Am when the officers arrived. Kunkel was standing by the front headlights of the vehicle near the driver's side. Myhro was standing near Kunkel closer to the passenger side. Officer Schafer and Officer Rocamontes did not actually see either party exit the vehicle.

Kunkel was eventually arrested on a charge of driving while his license was suspended in violation of Devils Lake Municipal Ordinance 10–46–030 [municipal codification of NDCC § 39–06–42]. Kunkel sought and was granted a court-appointed counsel. After Kunkel entered a plea of not guilty, a one-day jury trial was scheduled for July 20, 1989.

Prior to the trial date, Kunkel's counsel subpoenaed Jeff Myhro as a defense witness based upon representations by Myhro that he had been driving the Trans Am at

the time it was stopped. Moreover, Kunkel's counsel and the Ramsey County State's Attorney entered into a stipulation as to the status of Kunkel's driving privileges. The stipulation stated that at the time of the arrest, Kunkel's driving privileges in the state of North Dakota had been suspended. Thus, the only question to be determined by the jury during the trial was whether or not Kunkel had been driving at the time of the stop.

The trial commenced in county court on July 20, 1989. After the jury was sworn in, but prior to the beginning of opening statements, Myhro's personal attorney informed Kunkel's counsel that Myhro intended to completely reverse his proposed testimony and testify that Kunkel had actually been driving the vehicle at the time of the stop.[1] Upon discovering the change in Myhro's testimony, the State's Attorney decided to call Myhro to testify on behalf of the State. Prior to Myhro's reversal in testimony, the State had only planned to call Officer Schafer as a witness.

Out of the presence of the jury, Kunkel's counsel immediately moved the court for a continuance on the basis of surprise. Kunkel's counsel told the court that he was not prepared to present a case without Myhro's testimony, and that he was not prepared to meet the reversal of Myhro's testimony. Accordingly, Kunkel's counsel requested additional time to prepare his defense. In lieu of a continuance, Kunkel's counsel made a motion to withdraw on the basis that he no longer believed that his client's testimony in court would be truthful.

The county court denied both motions, stating:

"The nature of the case is such that the only issue before the Court by stipulation of defense counsel and the defendant, that the only issue before the Court is whether Mr. Kunkel was driving the vehicle or not. That is not a particularly complex issue. Now a defense witness that wishes to change his story aah, I do not think constitutes a necessity for

1. Myhro had been drinking on the night of the events in this case, and had been subjected to a

number of field sobriety tests by the officers during the stop.

granting a Motion to Withdraw and a Motion for Continuance at this time. I am going to deny both of those Motions and we shall proceed with this trial at this time. It is the nature of the complexity of the case that I rely upon denying these Motions. It is really a question of credibility, who is going to be believed and I do not think a continuance will do any justice."

The State subsequently entered into evidence the testimony of Myhro and Officer Schafer. At the end of the trial, the jury returned a verdict of guilty.

On appeal, Kunkel contends that the county court erred in refusing to grant his defense counsel's motion for continuance and motion to withdraw.[2] We believe that the county court's failure to grant defense counsel's motion for continuance was reversible error and, accordingly, is dispositive of this appeal.

■ The grant or denial of a motion for continuance rests in the discretion of the trial court. *See State v. Martin*, 391 N.W.2d 611 (N.D.1986); *State v. Bonner*, 361 N.W.2d 605 (N.D.1985); *State v. Kania*, 341 N.W.2d 361 (N.D.1983); *State v. Larson*, 253 N.W.2d 433 (N.D.1977). Ordinarily, the trial court's decision to grant or deny a motion for continuance will not be set aside on appeal absent an abuse of discretion. *See State v. Martin, supra; State v. Johnson*, 379 N.W.2d 291 (N.D. 1986); *State v. Halvorson*, 346 N.W.2d 704 (N.D.1984). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. *State v. Erban*, 429 N.W.2d 408 (N.D.1988); *State v. Johnson, supra; State v. Knoefler*, 325 N.W.2d 192 (N.D.1982). When reviewing a trial court's decision on a motion for continuance, an appellate court must look to the particular facts and circumstances of each case as there is no mechanical test for determining whether or not a trial court abused its discretion. *See Chambers v. Allsbrook*, 563 F.Supp. 764 (W.D.N.C.1983); *Commonwealth v. Scott*, 475 N.E.2d 78 (Mass.

App.1985); *People v. Robinson*, 121 Ill. App.3d 1003, 77 Ill.Dec. 336, 460 N.E.2d 392 (1984); *State v. Clark*, 437 So.2d 879 (La.App.1983); *State v. Anastas*, 320 N.W.2d 15 (Wis.App.1982). *See also* Project, *Seventeenth Annual Review of Criminal Procedure*, 76 Geo.L.J. 521, 830–36 (1988).

When a party's "key" or "star" witness completely reverses his or her testimony before or during the trial, the party is entitled to a reasonable delay in the trial so as to investigate the reasons for the change in testimony and to adequately prepare a case for the witness' impeachment. *See Arrant v. Wainwright*, 468 F.2d 677 (5th Cir.1972), *cert. denied* 410 U.S. 947, 93 S.Ct. 1369, 35 L.Ed.2d 613 (1973) [where key prosecution witness changed her testimony from incriminating defendant to exculpating him, state was entitled to a reasonable delay in trial so that it could investigate the change in testimony and prepare a case for impeachment]; 6 M. Rhodes, *Orfield's Criminal Procedure* § 50:11 (1987) [party surprised by testimony of its key witness may obtain continuance]. *Compare with Davis v. Israel*, 453 F.Supp. 1316 (E.D.Wis.1978), *aff'd* 601 F.2d 594 (7th Cir.1979) [trial court did not abuse its discretion in denying continuance motion when early in trial prosecutor informed court and defense counsel that star eight-year-old witness changed her testimony to incriminate defendant, where defense counsel was immediately allowed to examine child out of jury's presence and child's testimony was not expected to be presented to jury by prosecution until following day].

■ The instant case did not merely involve a "shading" or slight modification of testimony by a witness. Those events are not an unusual occurrence in trials and may not be an adequate reason to justify a continuance. Rather, this case involved a complete reversal in the proposed testimony by the defense witness during trial. The testimony of Myhro changed from exculpating Kunkel to incriminating him.

**2.** After Kunkel's trial was completed, Kunkel's attorney again moved the court for an order allowing him to withdraw as counsel. The motion was granted, and the present counsel was appointed by the court to represent Kunkel on appeal.

**340**

Furthermore, the prosecution compounded the impact of that reversal by calling Myhro as a witness for the State once it learned of his reversal. Defense counsel candidly explained to the court that he wasn't prepared to present his case without Myhro's testimony, and that he wasn't adequately prepared to counter Myhro's testimony at that time. The trial court did not grant the defense counsel a reasonable delay to investigate the reasons for the change in Myhro's testimony, or to prepare a case for impeachment. *See Arrant v. Wainwright, supra.* Instead, the court immediately proceeded with the trial. Moreover, there is no evidence in the record to reveal that defense counsel had been given any previous continuances, that the defense counsel was less than diligent in his preparation of the case, or that a continuance would have unduly burdened the court.[3]

After examining the particular facts and circumstances of this case, we believe that the trial court acted unreasonably in denying Kunkel's defense counsel time to investigate the change in testimony and to prepare a case for impeachment and, therefore, abused its discretion in failing to grant the defense counsel's motion for continuance.

Reversed and remanded for a new trial.

MESCHKE, Acting C.J., GIERKE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.

---

**3.** *See State v. Bonner,* 361 N.W.2d 605 (N.D. 1985) [after jury was empaneled, trial continued for fifty-five days; court admonished jury to avoid activity that might affect its impartiality].