2008 ND 199

**Tilmer Paul EVERETT, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20080063.**

Supreme Court of North Dakota.

Nov. 19, 2008.

Rehearing Denied Dec. 16, 2008.

Tilmer Paul Everett, Bismarck, ND, pro se, petitioner and appellant.

Cynthia M. Feland, Assistant State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

MARING, Justice.

[¶ 1] Tilmer Paul Everett appeals a district court judgment summarily dismissing his application for post-conviction relief. In Everett's application for post-conviction relief, he alleged ineffective assistance of trial counsel, prosecutorial mis-

conduct, and the district court erred in granting a continuance of the trial. The district court summarily dismissed the application for post-conviction relief, concluding Everett's claims were without merit. We affirm the district court's judgment.

## I

[¶ 2] Tilmer Paul Everett was charged with one count of gross sexual imposition. The district court initially appointed an attorney to represent Everett. The court released that attorney from her role as counsel, because it found Everett and the attorney were unable to work together. The court then appointed a new attorney to represent Everett. Everett subsequently fired that attorney and indicated he wished to represent himself. The attorney then moved to withdraw as counsel. The district court held a hearing on November 17, 2006, to consider the issue. The district court decided Everett could represent himself, but the attorney would serve as standby counsel in case Everett needed assistance during trial.

[¶ 3] At a November 27, 2006, pretrial conference, the court quashed a number of subpoenas Everett had served. The court reasoned that many of the witnesses Everett was calling could not provide relevant testimony.

[¶ 4] The trial was set for November 28, 2006. On the morning of trial, the State requested a continuance. The State informed the court that the victim was unable to travel to Bismarck for the trial because of vehicle mechanical problems. The State indicated that weather now precluded the State from transporting the victim. According to the State, the victim advocate had maintained contact with the victim, and the victim was prepared to testify. Everett opposed the continuance. The court granted the continuance, but requested the State provide an affidavit from the victim advocate, stating the victim was willing to come to Bismarck to testify. The State submitted an affidavit as requested. The court rescheduled the trial for one week later, December 5, 2006. The court asked Everett if he still wanted to represent himself. After warnings by the court about the "pitfalls" of proceeding pro se, Everett informed the court he wanted his standby attorney to represent him.

[¶ 5] On November 30, 2006, Everett's attorney again moved to withdraw as counsel, asserting Everett now wanted to represent himself. Everett's attorney also explained Everett was insisting on subpoenaing witnesses who could not provide admissible evidence and demanding the attorney call witnesses without providing a reason for calling the witnesses.

[¶ 6] A pretrial conference was held on December 4, 2006, to address the attorney's motion to withdraw as counsel. Everett informed the court he wanted to represent himself, but his attorney could serve as an advisor. The court found Everett had knowingly and intelligently waived his right to counsel and ordered the attorney to appear at trial as standby counsel.

[¶ 7] The trial began on December 5, 2006. Everett conducted voir dire, delivered his opening statement, and cross-examined a detective and the victim. Before cross-examination of the State's third witness, Everett requested his attorney complete the remainder of the trial. The court granted Everett's request.

[¶ 8] Upon completion of the trial, the jury found Everett guilty of gross sexual imposition. A sentencing hearing was held on March 6, 2007, with Everett representing himself. The court sentenced Everett to thirty years with the North Dakota Department of Corrections and Rehabilita-

tion. A criminal judgment was entered on March 7, 2007.

[¶ 9] Everett appealed, arguing (1) the State's closing argument violated his constitutional right to remain silent; (2) the court erred by not admonishing the jury before taking two recesses during trial; and (3) there was insufficient evidence to support the conviction. This Court summarily affirmed the appeal on the grounds the evidence was sufficient to support the conviction and Everett's other arguments were without merit. *State v. Everett*, 2008 ND 126, ¶ 1, 756 N.W.2d 344.

[¶ 10] Everett applied for post-conviction relief. In response, the State requested Everett's application be summarily dismissed. Everett amended his application for post-conviction relief, alleging twelve counts of prosecutorial misconduct and fourteen counts of ineffective assistance of counsel. Everett moved for summary disposition of the application for post-conviction relief. Everett stated he was entitled to summary disposition because the State acquired a continuance based on false pretenses and false testimony. Specifically, Everett argued the victim advocate had filed an affidavit on November 28, 2006, stating she had talked to the victim that day, but at trial, Everett asked the victim if she had spoken to the victim advocate on November 28 and the victim responded she had not.

[¶ 11] The State filed a second response to Everett's application for post-conviction relief and motion for summary dismissal. The State argued the application should be dismissed because of misuse of process. According to the State, Everett's claims of prosecutorial misconduct should have been raised on direct appeal. Further, even if Everett had correctly brought the claims of prosecutorial misconduct, Everett's petition contained only unsupported assertions. The State also

contended the remaining allegations regarding ineffective assistance of counsel were also without merit because Everett elected to represent himself at trial. Again, the State argued that Everett's claim was not supported by an affidavit or legal precedent. Finally, the State concluded Everett had not shown how he was prejudiced by the ineffective assistance of counsel.

[¶ 12] Everett filed an amended motion for summary disposition. In that motion, Everett noted the State had admitted the continuance was wrongfully obtained and reasserted the arguments he had previously made in his original motion for summary disposition.

[¶ 13] The district court denied Everett's application for post-conviction relief. The court determined no genuine issues as to any material facts existed, and the State was entitled to a judgment as a matter of law. In its order, the court stated Everett's allegations of prosecutorial misconduct were mere allegations and lacked legal support. The district court also found Everett was responsible for his own representation, because he decided which witnesses to call and was responsible for his trial strategy. Everett appeals, arguing (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and, (3) the trial court erred in granting a continuance of trial.

## II

### Prosecutorial Misconduct

[¶ 14] Everett argues the State committed prosecutorial misconduct by intentionally lying, misleading the court and jury, and permitting a number of witnesses to lie under oath.

[¶ 15] The State argues Everett should have raised any claims of prosecutorial misconduct in his direct appeal. The State

notes Everett argued in his direct appeal that statements in the prosecutor's closing argument constituted prosecutorial misconduct. The State asserts Everett should have also included his allegations related to the prosecutor's opening argument and suborning perjury. The State contends that raising these arguments now constitutes a misuse of process.

■ [¶ 16] Under N.D.C.C. § 29–32.1–12(2), a court may deny an application for post-conviction relief on the ground of misuse of process. *Noorlun v. State*, 2007 ND 118, ¶ 7, 736 N.W.2d 477. Misuse of process occurs:

(1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings; and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application.

*Id.* (citations omitted).

[¶ 17] In Everett's direct appeal, he argued prosecutorial misconduct relating to the prosecutor's comments during its closing argument. Everett's claims of prosecutorial misconduct relating to the prosecutor intentionally lying, misleading the court and jury, and suborning perjury also could have been raised in his direct appeal. Everett has not provided any reason why he did not raise them then. We therefore conclude Everett's present attempt to raise claims of prosecutorial misconduct, after failing to pursue these claims in his direct appeal, constitutes a misuse of process.

### III

### Ineffective Assistance of Counsel

[¶ 18] Everett raises claims of ineffective assistance of counsel, arguing (1) his appellate counsel failed to raise new allegations of prosecutorial misconduct; and (2) his trial counsel failed to call all of the witnesses Everett wanted to testify, conspired with the prosecutor to convict Everett, and allowed the prosecutor to manipulate and lie to the court.

### A. Appellate Counsel

■ [¶ 19] At oral argument, Everett asserted his appellate counsel provided ineffective assistance of counsel by not raising allegations that the prosecutor intentionally lied, mislead the court, and suborned perjury in his direct appeal. Everett did not present this argument in his appellate brief. Rather, Everett only asserted his trial counsel provided ineffective assistance of counsel. "Issues not briefed by an appellant are deemed abandoned." *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514. As such, we will not address whether Everett's appellate counsel was ineffective in not asserting these claims of prosecutorial misconduct.

### B. Trial Counsel

■ [¶ 20] "A petitioner for post-conviction relief has the burden of establishing grounds for relief." *Noorlun*, 2007 ND 118, ¶ 10, 736 N.W.2d 477. "A trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact." *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568. "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.* A party can show no genuine issue of material fact by pointing to the absence of any evidence to support a petitioner's case. *Id.* at ¶ 6 (citing *Steinbach v. State*, 2003 ND 46, ¶ 12, 658 N.W.2d 355).

■ [¶ 21] While summary dismissal generally is *not appropriate for post-*

conviction claims of ineffective assistance of counsel, it is appropriate if the petitioner does not raise a genuine issue of material fact. *Klose v. State,* 2008 ND 143, ¶ 9, 752 N.W.2d 192 (citing *Dunn v. State,* 2006 ND 26, ¶ 12, 709 N.W.2d 1). To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must introduce evidence to meet the two-pronged *Strickland v. Washington* test. Prong one requires the defendant show that counsel's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prong two requires proving the deficient performance prejudiced the defendant. *Id.* The petitioner must "specify how and where counsel was incompetent and the probable different result." *Klose,* 2008 ND 143, ¶ 9, 752 N.W.2d 192 (citing *Steen v. State,* 2007 ND 123, ¶ 19, 736 N.W.2d 457). A petitioner's failure to "show how, but for the attorneys' errors, the results of the proceedings would have been different" justifies a district court's decision to summarily dismiss the ineffective assistance of counsel claim. *Hughes v. State,* 2002 ND 28, ¶ 7, 639 N.W.2d 696.

[¶ 22] Here, Everett moved for summary disposition of his application for post-conviction relief. Everett did not request an evidentiary hearing or present any evidence that his attorney's representation fell below an objective standard of reasonableness or that the deficient performance prejudiced him in any way. Everett did not submit any affidavits to show what the witnesses would have testified to or how their testimonies would have changed the result of the trial. Furthermore, Everett's attorney informed Everett at trial that he would not call all of the witnesses Everett had subpoenaed. Everett was aware that these witnesses would not be called. Despite that knowledge, Everett now complains that his attorney was ineffective. Because Everett has not

provided any evidence supporting this claim, we conclude he has not established his attorney's performance was deficient or prejudiced him.

[¶ 23] Everett's remaining ineffective assistance of counsel claims are that his attorney did not expose the prosecutor's lies, and his attorney conspired with the prosecutor to convict him. These claims are also without merit. Everett has not presented any evidence supporting these claims. He has not raised an issue of material fact that his attorney's representation fell below an objective standard of reasonableness or shown that a different result was probable. Based on the record, we hold the district court did not err in concluding Everett was not entitled to post-conviction relief on this matter.

IV

Continuance

[¶ 24] Everett argues the district court's granting of a continuance violated his constitutional rights to due process, a fast and speedy trial, and to face his accusers. Everett did not argue the district court erred in granting a continuance in his direct appeal. Everett's attempt to raise this argument in his application for post-conviction relief is a misuse of process. *See Noorlun,* 2007 ND 118, ¶ 7, 736 N.W.2d 477. Even if this claim had been appropriately raised, we conclude it is without merit.

[¶ 25] The decision to grant or deny a motion for a continuance rests with the district court. *State v. Kunkel,* 452 N.W.2d 337, 339 (N.D.1990). We review a district court's decision to grant a continuance under an abuse of discretion standard. *Id.* A district court abuses its discretion by acting unreasonably, arbitrarily, or unconscionably. *Id.*

[¶ 26] We have previously specified four factors that are to be considered when determining whether a district court had good cause to continue a trial: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." *State v. Foster*, 1997 ND 8, ¶ 7, 560 N.W.2d 194 (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

[¶ 27] The first factor to be considered is length of delay. In this case, the trial was delayed by seven days. This delay is relatively brief and does not indicate the defendant has been deprived of his right to a speedy trial.

[¶ 28] The second factor is reason for delay. At the November 28, 2006, hearing, the State requested a continuance of the trial because the victim was unable to attend the trial. The prosecutor informed the court that the victim was unable to travel to Bismarck because of vehicle mechanical problems, and the State could not arrange alternative transportation due to the weather. The State then filed an affidavit, stating the victim advocate had spoken with the victim on November 28, 2006. Everett asserts the State wrongfully obtained the continuance by orally informing the court and then filing an affidavit, stating the victim advocate had spoken with the victim on that date. Even assuming this claim is true, the delay of the trial was not solely because the State requested a continuance on November 28, 2006. The district court initially granted a continuance on September 6, 2006, because Everett's first attorney withdrew, citing the inability to work with Everett. The first continuance delayed the trial by nearly one month. The State did not cause that delay.

[¶ 29] The third factor is Everett's assertion of his right. Everett filed a request for a speedy trial on August 7, 2006. The district court, citing N.D.C.C. § 29-19-02, denied Everett's request because Everett did not elect this right within fourteen days of his arraignment, which was held on June 19, 2006. Thus, while Everett did request a speedy trial, his request to be tried within the ninety-day period was untimely.

[¶ 30] The fourth factor to consider is prejudice to the defendant. We have held a defendant can be prejudiced in three ways: "oppressive pretrial incarceration, anxiety and concern caused by the delay, and an impaired defense." *Foster*, 1997 ND 8, ¶ 12, 560 N.W.2d 194 (citation omitted). Everett has not indicated how he was prejudiced by the one-week delay of his trial. While it is true that Everett was incarcerated at the time the continuance was granted, he has not asserted the additional week of incarceration was "oppressive." Likewise, Everett has not claimed he experienced anxiety and concern because of the delay, nor shown any evidence that his defense was impaired. Although Everett objected to the continuance and informed the district court that the continuance was "inconvenient," he has not shown the one-week delay caused him actual prejudice.

[¶ 31] After applying these four factors to the record, we conclude the district court did not act unreasonably, arbitrarily, or unconscionably in granting a one-week continuance. Everett has proffered no evidence to show the district court abused its discretion.

## V

[¶ 32] We conclude Everett's claims of ineffective assistance of trial counsel, prosecutorial misconduct, and district court error in granting a continuance of the trial are without merit and affirm the district court judgment.

[¶ 33] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM.

I concur in the result.