Filed 6/17/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 105

State of North Dakota, Plaintiff and Appellee

v.

Gary Duane Ripley, Defendant and Appellant

Nos. 20080290-20080291

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Jay A. Schmitz (argued), Assistant State’s Attorney, 511 2nd Ave. SE, Jamestown, ND 58401, for plaintiff and appellee.

Benjamin C. Pulkrabek (argued), 402 1st St. NW, Mandan, ND 58554-3118, for defendant and appellant.

State v. Ripley

Nos. 20080290-20080291

Kapsner, Justice.

[¶1] Gary Ripley appeals from a trial court judgment entered finding him guilty of sexual assault and abuse or neglect of a child.  We affirm.

I

[¶2] The victim in this case, J.D., a minor child, is Ripley’s daughter.  Throughout her childhood, J.D. did not live with Ripley, but she stayed in contact with him.  In July 2006, J.D. moved in with Ripley.  J.D. testified she had been living with Ripley for a month and one-half or two months, when things started to change.  J.D. testified Ripley started to drink, and Ripley provided alcohol to J.D.  J.D. testified they drank together, and initially they drank a couple of times a week, but then they started drinking daily.  When asked how bad J.D.’s drinking became while she lived with him, Ripley testified:  “I didn’t believe that it was that bad because we kept the monitor on it.  People go to the point where they’re saying we were drinking every day.  That did not happen.”  Ripley testified while J.D. lived with him, he allowed her to drink because “I thought it would be safer if she drank at home than running around getting drunk out on the streets.”  Barbra Davis, Ripley’s former girlfriend, testified, “[w]henever [J.D.] was with [Ripley] she pretty much was drinking[.]”

[¶3] J.D. testified on one occasion Ripley told her to engage in sexual acts with him.  J.D. testified she “thought maybe he was kidding,” so she told him to knock it off.  J.D. testified during that same evening, Ripley pushed her onto a bed, laid on top of her, and started kissing her on the lips.  Ripley testified as to this incident as well:  “[J.D.] kicked me in the butt jokingly, and I picked her up and I slammed her on the bed.”

[¶4] J.D. testified one morning, after drinking with Ripley, she woke up and Ripley was next to her in bed.  J.D. testified she told Ripley she could not remember what happened the night before, and he told her they engaged in sexual intercourse.  Ripley testified none of this happened.  J.D. testified on another occasion she and Ripley had sexual intercourse, and on a different occasion, they engaged in sexual activity.  Ripley testified neither of these events occurred.

[¶5] On November 5, 2006, J.D. was taken to a hospital after police found her intoxicated at Ripley’s home.  The next day, J.D. told a police officer she did not engage in any sexual acts or contact with her father.  Later, J.D. told her sister about the sexual activity, and J.D. decided to tell the police.

[¶6] The State filed criminal complaints on February 13, 2007 and criminal informations on May 3, 2007, charging Ripley with sexual assault in violation of N.D.C.C. § 12.1-20-07(1)(e) and abuse or neglect of a child in violation of N.D.C.C. § 14-09-22(1)(b).  Trial was scheduled for November 8, 2007.  On November 1, 2007, Ripley filed a motion for a continuance of the trial, indicating he was informed by the State on that same day that new exhibits were going to be offered and new witnesses were going to be called.  The trial court rescheduled trial for December 5, 2007.  Trial was subsequently rescheduled for December 13, 2007, and on this day, Ripley pled guilty to both charges.  On May 21, 2008, Ripley filed a motion to withdraw his guilty pleas, which the State opposed.  The trial court entered an order granting Ripley’s motion.  Trial was rescheduled for September 4, 2008.

[¶7] Ripley’s appointed counsel filed a motion to withdraw as counsel for Ripley on August 6, 2008.  The appointed counsel asserted: 

The client contacted the undersigned and left a message after business hours on August 4, 2008 indicating that he believed the undersigned was not following his directions and requests and indicated that he would no longer talk to me and that he would file a complaint with the disciplinary board.  The undersigned has attempted further contact with the defendant but he has refused to accept mail and to accept phone calls.

The undersigned believes that this course of action by the defendant will make it impossible to further represent him in these matters and asks that the Court grant this motion to withdraw.

On August 8, 2008, the trial court entered an order granting the motion to withdraw.  The trial court appointed new counsel on August 11, 2008.

[¶8] On August 26, 2008, Ripley’s newly appointed counsel filed a motion to continue the trial; he indicated he needed additional time to prepare for trial.  The State resisted this motion, and the trial court denied this motion.  Ripley filed a motion to reconsider his motion to continue trial.  Ripley’s counsel indicated he received the case files on August 12, 2008 and met with Ripley on August 22, 2008.  He stated:

Mr. Ripley has been charged with very serious charges and these files are quite extensive.  In order for the undersigned to adequately prepare for trial, additional time is essential to sufficiently review this file, interview witnesses, and develop a trial strategy.  The undersigned believes that not continuing the trial is placing Mr. Ripley in a worse position than if new counsel had not been appointed after the Court allowed his withdrawal.  Under the circumstances, it would be a violation of Mr. Ripley’s fundamental and constitutional right to counsel, and due process of law, for the matter to proceed to trial on September 4, 2008.

The trial court denied Ripley’s motion to reconsider his motion to continue the trial. 

[¶9] On August 27, 2008, Ripley’s counsel filed a motion to withdraw as counsel of record.  He asserted without more time to prepare the case for trial, he was unable to adequately represent Ripley to the extent that his representation could not continue.  The trial court entered an order denying the motion to withdraw.  The trial court noted trial had been postponed several times because of Ripley, and it held:

The September 4, 2008 jury trial will be the fifth time that the alleged victim has had to prepare to testify against her father.  In North Dakota, a victim is entitled to a prompt disposition of a case.  The Court has bent over backwards to accommodate [Ripley’s] wishes.  The day has come to stand up for the victim.  She is entitled to closure.  Based on history, to allow [Ripley’s counsel’s] motion would require a further continuance, that would only open the door to more maneuvers by [Ripley] and the trial would be postponed into 2009 or beyond.

[¶10] A jury trial was held September 4-5, 2008.  During jury selection, the trial court indicated 12 jurors had been selected and 13 were needed.  The trial court informed the 12 jurors they had been selected, indicated they were on their own for lunch, asked them to return to the courtroom at 2:00 p.m., and stated the court was in recess.  The trial court did not admonish the jury not to speak about the case or form opinions until all of the evidence had been presented; neither the State nor Ripley objected.

[¶11] At the close of the State’s evidence, Ripley moved for a judgment of acquittal under N.D.R.Crim.P. 29, asserting sufficient evidence to convict Ripley had not been presented.  The trial court denied Ripley’s motion.  The jury found Ripley guilty of both sexual assault and abuse or neglect of a child.  The trial court entered a judgment on October 20, 2008; Ripley appeals.

II

[¶12] Ripley argues the trial court erred by denying his motion for a continuance and motion to reconsider the motion for a continuance.  We have held:  “We will not reverse a trial court’s decision to deny a continuance absent an abuse of discretion.”  
State v. Frohlich
, 2007 ND 45, ¶ 11, 729 N.W.2d 148 (citation omitted).  “A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.”  
Id.
 (citation omitted).

[¶13] Rule 6.1(b), N.D.R.Ct., provides:  “Motions for continuance shall be promptly filed as soon as the grounds therefor are known and will be granted only for good cause shown, either by affidavit or otherwise.”  This Court has specified factors that are to be considered when determining whether a trial court had good cause to grant a motion to continue a trial.  
Everett v. State
, 2008 ND 199, ¶ 26, 757 N.W.2d 530.

[¶14] In 
Everett
, Everett was charged with gross sexual imposition.  
Id.
 at ¶ 2.  On the morning of trial, the State requested a continuance, and the trial court granted the continuance.  
Id.
 at ¶ 4.  Trial was rescheduled, and the jury found Everett guilty.  
Id.
 at ¶¶ 4, 8.  Everett applied for post-conviction relief, which the trial court denied.  
Id.
 at ¶¶ 10, 13.  On appeal from the dismissal of his application for post-conviction relief, one of the issues raised by Everett was whether the trial court’s granting of the continuance violated his constitutional rights to due process, a fast and speedy trial, and to face his accusers.  
Id.
 at ¶ 24.  This Court held:  “We have previously specified four factors that are to be considered when determining whether a district court had good cause to continue a trial:  ‘(1) length of delay; (2) reason for delay; (3) defendant’s assertion of his right; and (4) prejudice to the defendant.’”  
Id.
 at ¶ 26 (quoting 
State v. Foster
, 1997 ND 8, ¶ 7, 560 N.W.2d 194).  This Court applied these factors in 
Everett
 and determined the trial court did not act unreasonably, arbitrarily, or unconscionably in granting the continuance.  
Id.
 at ¶ 31.  The same factors may be used to determine whether a trial court abused its discretion by denying a motion to continue a trial.

[¶15] The first factor is length of delay.  
Id.
 at ¶ 27.  Ripley’s motion for a continuance was denied; therefore, a delay did not occur.  However, the length of the potential delay which could have been caused by a granting of the motion for continuance and previous delays in the trial may be considered within this first factor.  In his motion for continuance and motion to reconsider the motion for continuance, Ripley indicated he needed more time to prepare for trial, but the record does not indicate the length of delay he was seeking.  In the order denying Ripley’s counsel’s motion to withdraw as counsel, which was filed shortly after the trial court denied Ripley’s motion for a continuance, the trial court indicated another postponement would delay the trial into 2009 or beyond.  As noted above, trial was originally scheduled for November 8, 2007; thus, trial had already been delayed nearly ten months.

[¶16] The second factor is the reason for the delay.  
Id.
 at ¶ 28.  Ripley’s motion to reconsider his motion to continue trial stated:  “Mr. Ripley has expressed dissatisfaction with his previous attorney which led to the new appointment of the undersigned to represent Mr. Ripley.”  Thus, it seems the motion for continuance was filed due to Ripley’s actions and his dissatisfaction with his previously appointed counsel.  Additionally, the motion was filed because Ripley’s new counsel indicated he needed more time to prepare for trial.  Ripley’s motion to reconsider his motion to continue trial provided:  “Mr. Ripley has been charged with very serious charges and these files are quite extensive.  In order for the undersigned to adequately prepare for trial, additional time is essential to sufficiently review this file, interview witnesses, and develop a trial strategy.”  Ripley’s new counsel was appointed on August 11, 2008, trial was scheduled for September 4, 2008, yet he did not file his motion for continuance until August 26, 2008.  Rule 6.1(b), N.D.R.Ct., states:  “Motions for continuance shall be promptly filed as soon as the grounds therefor are known[.]”  Nothing in the record indicates Ripley’s counsel did not know that the “files [were] quite extensive” at the time he was appointed.  The motion for continuance was not promptly filed as required by N.D.R.Ct. 6.1(b).

[¶17] The second factor may also be viewed as including the reason for any prior delays in trial.  Previously, trial had been delayed, and it appears Ripley caused some of the delays.  Ripley pled guilty to the charges in December 2007; in May 2008, he filed a motion to withdraw his guilty pleas, which the trial court granted.  On August 6, 2008, Ripley’s previous counsel filed a motion to withdraw as counsel, indicating Ripley’s actions made further representation impossible.  The trial court granted the motion, and new counsel was appointed on August 11, 2008.

[¶18] Additionally, the second factor may include the trial court’s reason for denying the motion.  In the order denying motion to continue trial, the trial court provided:  “The Court, having considered the motion and supporting papers, and having previously advised the defendant that no further continuances would be granted in this matter, finds that no sufficient cause has been shown to warrant a continuance of the trial.”  The trial court elaborated on this holding in its subsequent order denying Ripley’s counsel’s motion to withdraw as appointed counsel:

The September 4, 2008 jury trial will be the fifth time that the alleged victim has had to prepare to testify against her father.  In North Dakota, a victim is entitled to a prompt disposition of a case.  The Court has bent over backwards to accommodate [Ripley’s] wishes.  The day has come to stand up for the victim.  She is entitled to closure.  Based on history, to allow [Ripley’s counsel’s] motion would require a further continuance, that would only open the door to more maneuvers by [Ripley] and the trial would be postponed into 2009 or beyond.

This holding complies with and supports North Dakota law concerning child victims:   In all criminal cases and juvenile proceedings involving a child victim or witness, the court and the state’s attorney shall take appropriate action to ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement in the proceedings.  In ruling on any motion or other request for a delay or a continuance of proceedings, the court shall consider and give weight to any adverse impact the delay or continuance may have on the well-being of a child victim or witness.

N.D.C.C. § 12.1-35-05.  

[¶19] The third factor is the defendant’s assertion of his rights.  
Everett
, 2008 ND 199, ¶ 29, 757 N.W.2d 530.  In 
Everett
, the trial court granted the State’s request for a continuance, and this factor referred to Everett’s request for a speedy trial.  
Id.
  This Court noted Everett’s request was untimely.  
Id.
  In this case, the trial court denied Ripley’s motion for a continuance; therefore, a defendant’s assertion of his right to a speedy trial is not applicable.  However, in Ripley’s motion to reconsider his motion to continue the trial, he asserted:

Mr. Ripley has expressed dissatisfaction with his previous attorney which led to the new appointment of the undersigned to represent Mr. Ripley.  Mr. Ripley has been charged with very serious charges and these files are quite extensive.  In order for the undersigned to adequately prepare for trial, additional time is essential to sufficiently review this file, interview witnesses, and develop a trial strategy.  The undersigned believes that not continuing the trial is placing Mr. Ripley in a worse position than if new counsel had not been appointed after the Court allowed his withdrawal.  Under the circumstances, it would be a violation of Mr. Ripley’s fundamental and constitutional right to counsel, and due process of law, for the matter to proceed to trial on September 4, 2008.

Ripley suggests that requiring his counsel to proceed to trial with having only from August 11, 2008 until September 3, 2008 to prepare for trial denied Ripley of his right to effective counsel, as granted by the Sixth Amendment to the United States Constitution.  Ripley ignores his own role in causing the withdrawal of previous counsel.  Further, other than generalized assertions about needing additional time, Ripley’s moving papers do not identify any specific or unusual needs that were required to prepare the defense.

[¶20] The fourth factor is prejudice to the defendant.  
Everett
, 2008 ND 199, ¶ 30, 757 N.W.2d 530.  This Court in 
Everett
 noted a defendant can be prejudiced in three ways:  “oppressive pretrial incarceration, anxiety and concern caused by the delay, and an impaired defense.”  
Id.
 (citation omitted).  Ripley asserts the denial of his motion to continue trial impaired his defense because his counsel “couldn’t be prepared for trial on such a short notice.”  However, as noted above, Ripley’s counsel was appointed on August 11, 2008, he filed a motion to continue on August 26, 2008, and trial was scheduled for September 4, 2008.  While we recognize that the time period between the filing of the motion to continue and the trial was just over one week, the time period between the appointment of new counsel and the trial was over three weeks.

[¶21] Addressing the four 
Everett
 factors and applying the language of N.D.R.Ct. 6.1(b) to this case, we hold the trial court did not abuse its discretion in denying Ripley’s motion for a continuance and motion to reconsider the motion for a continuance.

III

[¶22] Ripley argues the trial court erred by denying his counsel’s August 27, 2008 motion to withdraw as counsel.  This Court has addressed the issue of whether a trial court erred in denying an appointed counsel’s motion to withdraw as counsel.  
State v. Klein
, 1997 ND 25, ¶¶ 22-24, 560 N.W.2d 198, 
overruled on other grounds
, 
Froistad v. State
, 2002 ND 52, ¶ 6, 641 N.W.2d 86.  In 
Klein
, Klein received court appointed counsel.  
Id.
 at ¶ 22.  His counsel filed a motion to withdraw as counsel, which was denied by the trial court.  
Id.
 at ¶ 8.  This Court held:  “[T]he matter of substitution of appointed counsel is committed to the sound discretion of the trial court and, absent a showing of good cause for the substitution, a refusal to substitute is not an abuse of discretion.”  
Id.
 at ¶ 22 (quoting 
Interest of J.B.
, 410 N.W.2d 530, 532 (N.D. 1987)) (alteration in original).  “A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.”  
Frohlich
, 2007 ND 45, ¶ 11, 729 N.W.2d 148 (citation omitted).

[¶23] In the motion to withdraw as counsel of record, Ripley’s appointed counsel asserted he could not adequately represent Ripley without more time to prepare for trial.  If the trial court would have granted this motion, it would have been forced to appoint new counsel, and Ripley’s new counsel would have had even less time to prepare the case for trial.  Ripley did not prove good cause existed to grant Ripley’s counsel’s motion to withdraw as counsel of record; therefore, we affirm the trial court order denying the motion to withdraw as counsel of record.

IV

[¶24] During jury selection, the trial court indicated 12 jurors had been selected and 13 were needed.  The trial court informed the 12 jurors they had been selected, indicated they were on their own for lunch, asked them to return to the courtroom at 2:00 p.m., and stated the court was in recess.  The trial court did not admonish the jury not to talk about the case or to form opinions about it before hearing all of the evidence.  Neither the State nor Ripley objected.  On appeal, Ripley contends this amounted to an error by the trial court.

[¶25] Section 29-21-28, N.D.C.C., titled “[c]ourt must admonish jury,” provides:

The jurors also, at each adjournment of the court, whether permitted to separate or required to be kept in charge of officers, must be admonished by the court that it is their duty not to converse among themselves nor with anyone else on any subject connected with the trial, nor to form or express any opinion thereon, until the case is finally submitted to them.

In addition, N.D.R.Ct. 6.11(b), states: 

In a criminal case, the court must prohibit the jury from engaging in predeliberation discussion.  At each adjournment, the court shall admonish the jurors:

• not to converse among themselves nor with anyone else on any subject connected with the trial; and 

• not to form or express an opinion until the case is submitted to them for deliberation. 

[¶26] At oral argument, the State conceded that the trial court erred by failing to admonish the jury.  Therefore, we assume, without deciding, that the trial court committed an error, even though the jury had neither been impaneled nor sworn.

[¶27] In 
State v. Myers
, 2006 ND 242, ¶ 15, 724 N.W.2d 168, one of the issues before this Court was whether the trial court erred by failing to admonish the jury before a recess.  This Court held:

Myers did not object to district court’s failure to admonish the jury before the recess, and he has not claimed or demonstrated any prejudice.  Under Rule 52(a) N.D.R.Crim.P., any error, defect, irregularity or variance that does not affect substantial rights must be disregarded.  We conclude the district court’s failure to admonish the jury before the recess was not reversible error.

Id.
 at ¶ 17 (citation omitted).  In the present case, Ripley did not raise this objection before the trial court.  In addition, Ripley neither claims nor demonstrates that he was prejudiced by such an error.  Further, Ripley did not claim, and we did not find, that the trial court’s presumed error affected his substantial rights.  Therefore, under N.D.R.Crim.P. 52(a), the error was harmless and must be disregarded.

V

[¶28] Ripley raises the issue of whether sufficient evidence was presented to the trial court to convict Ripley.  The standard of review for this issue is well-established:

When reviewing challenges to the sufficiency of evidence at trial, this Court draws all inferences in favor of the verdict.  This Court will reverse a criminal conviction “only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt.”  In its review, this Court will not weigh conflicting evidence or judge the credibility of witnesses.

State v. Bitz
, 2008 ND 202, ¶ 7, 757 N.W.2d 565 (citations omitted).

[¶29] In Ripley’s appellate brief, his discussion of this issue only sets forth the standard of review; he did not provide any law or argument supporting his position, and he did not refer to any specific deficiency in the evidence presented to the jury.  Similarly, at oral argument, he did not provide support for his contention that the evidence presented to the trial court was insufficient.  We have cautioned, “‘a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit.’”  
Leftbear v. State
, 2007 ND 14, ¶ 7, 727 N.W.2d 252 (quoting 
Riemers v. City of Grand Forks
, 2006 ND 224, ¶ 9, 723 N.W.2d 518).  Therefore, we hold Ripley waived this issue.

VI

[¶30] The judgment of the trial court is affirmed.

[¶31] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.