The defendant, Jamal Boyd, appeals after he was convicted of assault and battery by means of a dangerous weapon, causing serious bodily injury, in violation of G. L. c. 265, § 15A. We affirm.
Passing the question whether Dr. Sarkar's testimony that, but for surgical intervention "[the victim] would have bled to death" was expert opinion requiring designation as such during discovery, we discern no abuse of discretion in the decision by the trial judge to allow the testimony. See Commonwealth v. Stote, 433 Mass. 19, 22-23 (2000).
A trial judge should consider several factors in resolving whether to exclude testimony of a witness for a claimed discovery violation, including (1) prevention of surprise; (2) evidence of bad faith in the violation of the conference report; (3) prejudice to the other party caused by the testimony; (4) the effectiveness of less severe sanctions; and (5) the materiality of the testimony to the outcome of the case. See Commonwealth v. Chappee, 397 Mass. 508, 518 (1986).
The Commonwealth designated Dr. Sarkar as a witness in its prospective witness list and in the joint pretrial conference report. The Commonwealth also provided the defendant with a copy of Dr. Sarkar's curriculum vitae on the first day of trial. A copy of the victim's medical records, authored by Dr. Sarkar, was delivered to the defendant seven months before trial. Though those medical records are not in the record appendix, the transcript includes a representation by the prosecutor to the judge, in response to the judge's question, that they described the victim as having been "near death."[2] Dr. Sarkar's testimony was also cumulative of other evidence of a serious bodily injury.[3]
We also note that defense counsel did not request a continuance to prepare a response to the testimony she contends should have been excluded. See Commonwealth v. Martin, 424 Mass. 301, 306 n.1 (1997). Indeed, defense counsel was prepared with a medical expert to testify that the victim was not at risk of dying when he arrived at the hospital.[4] Because the defendant has shown no indication of unfair surprise or prejudice resulting from admission of the testimony, we discern no abuse of discretion in the trial judge's refusal to exclude it.
We likewise discern no abuse of discretion in the judge's denial of the defendant's request for a one-day continuance to attempt to secure the presence of two witnesses he hoped would testify about the victim's propensity for violence, pursuant to Commonwealth v. Adjutant, 443 Mass. 649, 659-660 (2005), where the defendant did not meet "the burden of justifying the need for [a] continuance." Commonwealth v. Scott, 19 Mass. App. Ct. 983, 985 (1985). The judge ruled on Friday, November 20, that the witnesses would be allowed to testify as Adjutant witnesses, giving the defense the weekend to secure their presence at trial. The defendant did not serve the witnesses with summonses. When the witnesses did not appear on Monday, November 23, the defendant requested a one-day continuance; however, defense counsel herself acknowledged that she did not know what "continuing another day would do." Accordingly, the denial of the defendant's motion for a continuance was not an abuse of discretion.[5]
Finally, we see no merit in the defendant's claim that portions of the prosecutor's closing argument were improper. Since the defendant did not object to any portion of the closing argument at trial, we review any error for a substantial risk of a miscarriage of justice. See Commonwealth v. Miller, 457 Mass. 69, 76 (2010). "Remarks made during closing arguments are considered in context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Whitman, 453 Mass. 331, 343 (2008). A prosecutor may "state logical reasons why a witness's testimony should be believed," Commonwealth v. Sanders, 451 Mass. 290, 297 (2008), and why a defendant's testimony is not believable. See Commonwealth v. Ayoub, 77 Mass. App. Ct. 563, 568 (2010). Here, the prosecution argued, based on the evidence, why the jury might conclude that the defendant's testimony was not credible.[6] After defense counsel argued that the defendant was more credible than other witnesses, it was appropriate for the prosecutor to respond by inviting the jury to consider who had more motive to change his story. In any event, the judge cautioned the jury that closing arguments are not evidence and that they should rely on their own recollection of the evidence. There was no error, and therefore no substantial risk of a miscarriage of justice.
Judgment affirmed.

The defendant does not challenge on appeal the accuracy of the Commonwealth's representation regarding the content of the medical records, and in any event is without basis to do so, having omitted them from the record appendix.

Home Depot employees testified that as a result of the defendant's attack, the victim fainted and was not breathing, speaking, or moving, and that a customer performed cardiopulmonary resuscitation ; a Quincy fire fighter testified that the victim stopped breathing, required "rescue breathing," and that defibrillator pads were attached to his chest because fire fighters could not find a pulse.

On cross-examination, however, the defendant's medical expert acknowledged, consistent with Dr. Sarkar's testimony, that the victim very possibly would have died, but for the prompt treatment he received.

There was also no abuse of discretion in the judge's decision to prohibit the defendant's coworker, Sean O'Rourke, from testifying as to the defendant's state of mind following a prior confrontation between the defendant and the victim, where O'Rourke did not witness the confrontation, and the defendant had not yet testified about the prior incident. "Whether evidence is legally relevant is a question which is generally left to the discretion of the trial judge." Commonwealth v. Stewart, 460 Mass. 817, 823 (2011), quoting from Commonwealth v. Chasson, 383 Mass. 183, 187 (1981). The trial judge noted that O'Rourke's testimony on this matter might have some relevance to the defendant's state of mind if the defendant testified about the previous incident. Thereafter, the defendant did, in fact, testify about the previous incident, but defense counsel did not recall O'Rourke as a witness to give the testimony she previously sought. As the judge identified conditions under which he would allow O'Rourke's testimony, and defense counsel chose not to present it after those conditions were met, there is no basis for the defendant's claim of error.

It was proper for the prosecutor to argue that the defendant was not credible where he admittedly lied to the police about being lost in a small stretch of woods behind Home Depot, and that his testimony about the victim threatening to kill him should not be believed. The prosecutor was also entitled to argue that the defendant had consciousness of guilt when he ran from the store after he stabbed the victim, removed and discarded his bloody clothing, hid in the woods behind the Home Depot, and only returned to the store after multiple telephone conversations with police, his friend, and his wife.