Jensen, Justice, concurring in part and dissenting in part.
[¶44] The majority opinion is well written and I concur in affirming the convictions in Stark County and Hettinger County. Because the record supports a determination the district court did not abuse its discretion in granting a continuance of the trial date in Golden Valley County, I would affirm the Golden Valley conviction.
[¶45] Our review of the district court's findings of fact related to Watson's assertion his right to a speedy trial was violated is subject to the clearly erroneous standard of review. Koenig v. State, 2018 ND 59, ¶ 12, 907 N.W.2d 344 ; see also State v. Hall , 2017 ND 124, ¶ 12, 894 N.W.2d 836. The district court's decision to grant or deny a continuance is within the court's discretion, and this Court's review is limited to a determination of whether the court abused its discretion. State v. Ripley , 2009 ND 105, ¶ 12, 766 N.W.2d 465 ; Everett v. State , 2008 ND 199, ¶ 25, 757 N.W.2d 530. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. State v. Hinojosa , 2011 ND 116, ¶ 7, 798 N.W.2d 634.
[¶46] Section 29-19-02, N.D.C.C., authorizes the district court to allow a trial to begin later than 90 days after the arraignment for good cause. See Hall , 2017 ND 124, ¶ 10, 894 N.W.2d 836. Four factors are considered in determining whether the court had good cause to grant a continuance under N.D.C.C. § 29-19-02 : "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." Everett , 2008 ND 199, ¶ 26, 757 N.W.2d 530. "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.' " Hinojosa , 2011 ND 116, ¶ 8, 798 N.W.2d 634 (quoting State v. Moore , 2007 ND 7, ¶ 6, 725 N.W.2d 910 ).
[¶47] The majority concludes the record is so devoid of information that it is impossible for us to review whether there was good cause to continue the Golden Valley trial from January 2, 2018 to January 31, 2018, and in turn determines the district court abused its discretion. I find the record was sufficient to determine the district court did not abuse its discretion in granting a continuance.
[¶48] At the beginning of the Golden Valley trial, Watson's counsel requested *155 the case be dismissed, asserting the 90-day period to begin the trial as provided in N.D.C.C. § 29-19-02 had run and there was not good cause to continue the start of the trial beyond the statutory 90-day period. The district court responded the issue had been addressed in a prior order and affirmed the continuance was appropriate. The same trial judge, same defendant, and same defense counsel participated in all three trials. The trials were all scheduled within a relatively short window of time. I have no doubt the district court was referencing the rationale from the order(s) entered in the other cases. The majority found the order(s) and reasoning sufficient to affirm the convictions in Hettinger and Stark counties.
[¶49] Even if the majority appropriately ignores the reasoning provided by the district court in the other cases, it errs by failing to evaluate the four factors required to be considered in determining whether the court had good cause to grant the continuance under N.D.C.C. § 29-19-02 : "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." Everett , 2008 ND 199, ¶ 26, 757 N.W.2d 530. With regard to factor 1, the length of the delay, we know from the record the delay was 29 days. The majority concludes delays of 29 and 36 days to be "relatively short" when reviewing the Stark County and Hettinger County cases. Presumably, the same rationale would apply in Golden Valley and the delay of 29 days was "relatively short."
[¶50] Factor 2 requires consideration of the reason for the delay. If we exclude consideration of the orders in Stark and Hettinger counties, which I believe the district court was referring to, there is admittedly no direct statement of the reason on the record. However, we do know from the exchange the district court has concluded there is good cause for the delay.
[¶51] Factor 3 requires consideration of whether the right to a speedy trial was asserted. The right to a speedy trial was properly asserted by Watson.
[¶52] Factor 4 requires consideration of whether Watson was prejudiced by the delay. The record supports the conclusion there was no prejudice. Watson, in the exchange with the district court, did not assert any prejudice. To the contrary, Watson asserted prejudice was not required. "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.' " Hinojosa , 2011 ND 116, ¶ 8, 798 N.W.2d 634 (quoting Moore , 2007 ND 7, ¶ 6, 725 N.W.2d 910 ).
[¶53] To summarize the factors, there was a delay the majority concludes was relatively short in Hettinger and Stark counties. We know the district court found good cause, referenced an order that is not in the record, and did not put findings with respect to the reason for the delay on the record. Watson properly asserted his right to a speedy trial. Watson was not prejudiced by the 29-day delay.
[¶54] Our standard of review requires us to determine whether the district court abused its discretion in granting the continuance. Ripley , 2009 ND 105, ¶ 12, 766 N.W.2d 465. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. Hinojosa , 2011 ND 116, ¶ 7, 798 N.W.2d 634. Weighing the four factors this Court is required to consider, I do not find the district court acted in an arbitrary, unreasonable, or unconscionable manner, and I cannot conclude the district court misinterpreted or misapplied the law. The district court found good cause, the delay was relatively short, a delay of the same length was appropriate in the companion cases, and *156 there was no prejudice to Watson as the result of the delay. I would affirm the conviction in Golden Valley County, as well as the convictions in Stark and Hettinger counties.
[¶55] Jon J. Jensen
Gerald W. VandeWalle, C.J.