2005 ND 19

**Robert L. JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20040252.**

Supreme Court of North Dakota.

Jan. 19, 2005.

Susan Schmidt, Bismarck, ND, for petitioner and appellant. Submitted on brief.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, ND, for respondent and appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Robert L. Johnson appealed from an order denying his application for post-conviction relief. We reverse the order denying post-conviction relief and remand for proceedings consistent with this opinion.

[¶ 2] Johnson pleaded guilty to contact by bodily fluids, a class A misdemeanor. Subsequently Johnson filed an application for post-conviction relief alleging ineffective assistance of counsel, lack of a sufficient factual basis to support his guilty plea, and violation of his constitutional right to be presented with exculpatory evidence held by the State. In response, the State made a motion for summary disposition of Johnson's request for post-conviction relief. Although the State's motion provided that Johnson would have 10 days to respond, the trial court granted the State's motion for summary disposition 7 days later, without having received any response from Johnson.

I.

[¶ 3] On appeal, Johnson claims the trial court erred in granting the State's motion for summary disposition. Under N.D.R.Ct. 3.2(a), Johnson argues he had 10 days to respond to the State's motion. This 10-day period had yet to expire, and Johnson had yet to respond, when the district court entered its order.

[¶ 4] In part, N.D.R.Ct. 3.2(a) provides: Submission of Motion. Notice must be served and filed with a motion. The

notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested. Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within 5 days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the court unless counsel for any party requests oral argument on the motion.

[¶ 5] The State concedes that under N.D.R.Ct. 3.2(a) it was error for the trial court to rule on the motion for summary disposition prior to the 10–day response period expiring. Therefore, the State argues this matter should be remanded to the trial court to allow Johnson to respond to the State's motion.

[¶ 6] We agree with the parties' analysis.

[¶ 7] We reverse the order denying post-conviction relief and remand for proceedings consistent with this opinion.

[¶ 8] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.