2005 ND 49

**Gregory Clifford KAISER, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**No. 20040135.**

Supreme Court of North Dakota.

March 4, 2005.

Monty Grant Mertz, Fargo, N.D., for petitioner and appellant.

Birch Peterson Burdick, State's Attorney, Fargo, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Gregory Clifford Kaiser appealed from a judgment dismissing his application for post-conviction relief. We conclude Kaiser should have been afforded an opportunity to respond to the State's motions, and we reverse and remand.

I

[¶ 2] Kaiser and the two attorneys representing him in two criminal cases signed a plea agreement providing, in part, that Kaiser "will voluntarily plead guilty because he is in fact guilty" of attempted murder and burglary and admits "there is a factual basis in that [he] did commit the stated crime(s)." The plea agreement states that Kaiser and his attorneys agree that Kaiser's "plea of guilty to the charges in Paragraph 1 above is voluntary," and that Kaiser "is satisfied with the representation of his attorneys." The plea agreement also contains the following paragraph:

15. Defendant is aware of the right to appeal under North Dakota law. Defendant hereby knowingly and voluntarily waives any right to appeal, including any right to appeal the court's entry of judgment against him and defendant waives any right to appeal the imposition of sentence upon him by the court. Defendant further knowingly and voluntarily waives all rights to contest the conviction or sentence in any post-conviction proceeding under North Dakota law. Therefore, defendant understands that any appeal or other post-conviction relief that he might seek should be summarily dismissed by the court in which it is filed.

[¶ 3] On February 6, 2004, Kaiser applied for post-conviction relief, asserting the conviction was obtained under an unconstitutional statute or his conduct was constitutionally protected, and the court lacked jurisdiction. Kaiser further asserted he was denied effective assistance of counsel, his guilty plea was unlawfully induced or not voluntary, the conviction was obtained by use of a coerced confession, and the conviction was obtained by the prosecution's unconstitutional failure to disclose favorable evidence. On March 8, 2004, the State moved (1) for dismissal under N.D.C.C. § 29-32.1-06; (2) for summary disposition under N.D.C.C. § 29-32.1-09; (3) to supplement the record; and (4) for specific performance of Paragraph 15 of the written plea agreement. Without waiting for Kaiser to respond to the State's motions, the district court issued a memorandum opinion and order dismissing Kaiser's application for post-conviction relief, granting the State's motion for dismissal, granting the State's motion to supplement the record, and ordering "paragraph 15 of the Rule 11 Plea Agreement is active and in effect." A judgment in accordance with that memorandum opinion and order was entered on March 17, 2004.

[¶ 4] Kaiser appealed, contending the district court erred in dismissing his application, asserting he should have been given 30 days to respond to the State's motions and he should have been afforded an evidentiary hearing.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 29-32.1-03. The appeal was timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-32.1-14.

## II

[¶ 6] Section 29–32.1–06(2), N.D.C.C., provides:

The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account of substance regardless of defects of form.

Section 29–32.1–09, N.D.C.C., provides:

1. The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

2. If an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing.

[¶ 7] "The explicit purpose of the Uniform Post–Conviction Procedure Act is to provide a method to develop a complete record to challenge a criminal conviction." *Eagleman v. State*, 2004 ND 6, ¶ 4, 673 N.W.2d 241. "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *State v. Steen*, 2004 ND 228, ¶ 8, 690 N.W.2d 239. "We ordinarily review an appeal from a summary denial of post-conviction relief in the same way that we review appeals from summary judgment." *Johnson v. State*, 2004 ND 130, ¶ 5, 681 N.W.2d 769.

[¶ 8] A court may not dismiss an application for post-conviction relief under N.D.C.C. § 29–32.1–09(1) without affording the applicant 30 days after service of the State's brief within which to respond to the State's motion for summary disposition. *Johnson*, 2004 ND 130, ¶¶ 5–6, 681 N.W.2d 769. In *Johnson*, the appellant applied for post-conviction relief, the State filed a responsive brief, and the trial court denied the application without waiting for a response from the applicant. *Johnson*, at ¶ 6. On appeal, we held:

Because post-conviction relief proceedings are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties, *see Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568, Johnson, under N.D.R.Civ.P. 56(c), should have been afforded 30 days after service of the State's brief within which to serve and file an answer brief and supporting papers in opposition to the request for summary disposition.

*Johnson*, at ¶ 6. A dismissal of an application for post-conviction relief without a hearing is a summary denial, whether based on N.D.C.C. § 29–32.1–06(2) or N.D.C.C. § 29–32.1–09. The State has not advanced any persuasive reason why a dismissal under N.D.C.C. § 29–32.1–06(2) should, on appeal, be treated differently from a dismissal under N.D.C.C. § 29–32.1–09.

[¶ 9] In *Johnson*, 2004 ND 130, ¶ 6, 681 N.W.2d 769, we "treat[ed] the district court's decision as a dismissal of the application on the pleadings under N.D.R.Civ.P. 12(b)(vi)." We cannot do that in this case, because the State submitted, and the district court relied on, matters in addition to the application. Here, the State submitted with its motions a brief, a copy of the plea agreement, a partial transcript of the proceeding in which Kaiser appeared with his attorneys and pleaded guilty, and affidavits of the two attorneys who had represented Kaiser

in the criminal proceedings. Rule 12(b), N.D.R.Civ.P., provides, in part:

> If, on a motion asserting defense numbered (vi), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties must be given reasonable opportunity to present all material made pertinent to the motion by Rule 56.

Under N.D.R.Civ.P. 56(c), a motion for summary judgment "and supporting papers must be served at least 34 days before the motion may be heard" and "[t]he adverse party shall have 30 days after service of a brief within which to serve and file an answer brief and supporting papers." Thus, we conclude that Kaiser, "under N.D.R.Civ.P. 56(c), should have been afforded 30 days after service of the State's brief within which to serve and file an answer brief and supporting papers." *Johnson*, at ¶ 6.

[¶ 10] In light of our conclusion that the trial court should have afforded Kaiser 30 days within which to respond to the State's motions and brief, we need not address other matters the parties have raised.

### III

[¶ 11] The judgment is reversed, and the matter is remanded for further proceedings in accordance with this opinion.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.