2005 ND 188

**Robert L. JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20050230.

Supreme Court of North Dakota.

Nov. 9, 2005.

Robert L. Johnson, pro se, Jamestown, N.D., submitted on brief.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., submitted on brief.

MARING, Justice.

[¶ 1] Robert L. Johnson appeals from a July 7, 2005, trial court judgment summarily dismissing his application for post-conviction relief. On appeal, Johnson argues the trial court erred by not allowing him the time required by N.D.R.Ct. 3.2 to respond to the State's motion to dismiss his application. Johnson also argues the trial court erred by not appointing counsel to represent him in his post-conviction relief application. We reverse in part, affirm in part, and remand to the trial court to allow Johnson to respond to the State's motion.

I

[¶ 2] On March 21, 1996, Johnson was charged with endangering by fire. The charges arose after Johnson started a fire at the Doerr Jewelry building in Jamestown. Johnson pled guilty to the charges, and the trial court ordered a judgment of conviction on December 10, 1996. Johnson was sentenced to five years in prison, to

run consecutive with his sentence on another conviction.

[¶ 3] On May 2, 1997, Johnson moved for a psychological evaluation to determine if, at the time of his plea, he was mentally and emotionally capable of entering a plea. In support of the motion, Johnson's attorney enclosed his own affidavit stating that Johnson displayed dramatic changes in mood and personality that made him unpredictable and difficult to work with during his case. The trial court denied Johnson's motion on May 16, 1997.

[¶ 4] On June 24, 2005, Johnson filed an application for post-conviction relief and a motion for the appointment of counsel. In his application, Johnson alleged he was denied effective assistance of counsel, his conviction was obtained by a coerced confession, he did not realize his statement given to law enforcement could be used against him, he was under stress when giving his statement to law enforcement, and the States Attorney failed to give him discovery materials. The State's response, including a motion for summary disposition, was filed on July 1, 2005. The trial court issued its order summarily denying Johnson's application for post-conviction relief and his motion for the appointment of counsel on July 5, 2005.

[¶ 5] Johnson appeals raising two issues. First, the trial court erred in dismissing his motion because the summary order denying post-conviction relief was entered before the expiration of his statutory time to respond under N.D.R.Ct. 3.2. Second, the trial court erred by not appointing an attorney to represent him before entering the order for summary disposition.

## II

[¶ 6] A post-conviction relief proceeding is civil in nature. *Johnson v. State*, 2004 ND 130, ¶ 6, 681 N.W.2d 769. Because it is civil in nature, all rules and statutes applicable in civil proceedings are available to the parties. *Id.* Therefore, the North Dakota Rules of Civil Procedure govern. *Id.* The North Dakota Rules of Court are also applicable. N.D.R.Ct. 1.1 (Providing "these rules apply to all trial courts of this state in all civil and criminal cases"); *see Johnson v. State*, 2005 ND 19, ¶¶ 3–6, 691 N.W.2d 288 (applying Rule 3.2's ten-day answer period to a motion for summary disposition on an application for post-conviction relief).

[¶ 7] In his appeal, Johnson correctly argues that Rule 3.2, N.D.R.Ct., is applicable. He is incorrect, however, in asserting that, under the terms of the rule, he should have been given ten days to respond to the State's motion for summary disposition. Johnson's misapplication is likely based in part on his reliance on the State's notice of motion, which was inaccurate. In its July 1, 2005, notice of motion, the State provided Johnson with the following information:

> [P]ursuant to Rule of Court 3.2, you are hereby notified . . . (ii) that your answer brief and supporting papers, if any, must be served and filed within 10 days of the date this notice and motion was served upon you. . . .

For most motions, this notice would be correct. It is not correct, however, under the facts presented here. In this case, the State's motion asked the court to go beyond the face of Johnson's application; therefore, it was analogous to a motion for summary judgment under Rule 56, N.D.R.Civ.P. Accordingly, Johnson should have been given thirty days to respond, which is allowed for a response to a motion for summary judgment.

[¶ 8] Explaining the process and requirements of filing an application for post-conviction relief, we have said:

> While our case law requires a petitioner to establish a basis for post-conviction

relief, a petitioner need not provide evidence or proof with an application. N.D.C.C. § 29–32.1–04. A petitioner meeting the required conditions and applying for post-conviction relief must "set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). "Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29–32.1–04(2). *Vandeberg v. State*, 2003 ND 71, ¶ 4, 660 N.W.2d 568 (citations omitted).

[¶ 9] The Post–Conviction Procedure Act also provides the State can respond and move to dismiss an application.

The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account of substance regardless of defects of form.

N.D.C.C. § 29–32.1–06(2). This language is analogous to a motion for dismissal for failure to state a claim upon which relief may be granted and a motion for judgment on the pleadings. N.D.R.Civ.P. 12(b)(vi) and (c).

[¶ 10] The Post–Conviction Procedure Act also provides that a trial court may act summarily on a motion for summary disposition made by either party.

The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

N.D.C.C. § 29–32.1–09(1).

[¶ 11] When describing the process the trial court must follow in considering a motion for summary disposition, we have said:

The procedure followed for a motion for the summary disposition of a petition for post-conviction relief is similar to that followed for a motion for summary judgment. Proceedings for post-conviction relief are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties. Our review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment. A trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The initial burden is on the moving party to show there is no genuine issue of material fact. If the movant initially shows there is no genuine issue of material fact, the burden shifts to the non-movant to demonstrate there is a genuine issue of material fact. For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(1). A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.

*Vandeberg*, 2003 ND 71, ¶ 5, 660 N.W.2d 568 (internal citations omitted).

[¶ 12] Our language stating that the "procedure followed for a motion for the summary disposition of a petition for post-conviction relief is similar to that followed for a motion for summary judgment," and that "[o]ur review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment" must be read in conjunction with our state-

ments that "[p]roceedings for post-conviction relief are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties." *Id.*

[¶ 13] When a court, acting on its own motion, summarily dismisses an application for post-conviction relief, we have said it is analogous to the dismissal of a complaint for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(vi). *Berlin v. State,* 2005 ND 110, ¶ 7, 698 N.W.2d 266.

[¶ 14] When the State's motion for summary disposition asks the court to rely solely on the pleadings, it should be treated like a N.D.R.Civ.P. 12(b) motion and, under N.D.R.Ct. 3.2(a), a ten-day response time should be provided the applicant before the trial court rules. Rule 3.2(a), N.D.R.Ct. 3.2, provides:

> Submission of motion. Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested. Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have 10 days after service of a brief within which to serve and file an answer brief and other supporting papers.

*See Berlin,* 2005 ND 110, ¶ 7, 698 N.W.2d 266; *Johnson v. State,* 2005 ND 19, ¶¶ 3–6, 691 N.W.2d 288 (holding, when the State moved for summary disposition, the non-moving party must be allowed ten days to respond under N.D.R.Ct. 3.2).

[¶ 15] If the State's motion requesting summary disposition asks the trial court to go beyond the pleadings, it is no longer to be treated as a N.D.R.Civ.P. 12(b) motion, but rather as a N.D.R.Civ.P. 56 motion.

> If, on a motion asserting defense numbered (vi), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in N.D.R.Civ.P 56, and all parties must be given reasonable opportunity to present all material made pertinent to the motion by N.D.R.Civ.P. 56.

N.D.R.Civ.P. 12(b); *see also* N.D.R.Civ.P. 12(c).

[¶ 16] Under N.D.R.Ct. 3.2(e), to the extent Rule 3.2 conflicts with another rule adopted by our Court, it does not apply. N.D.R.Ct. 3.2(e). The explanatory notes to the Rule explain:

> Subdivision (e) was added, effective March 1, 1997, to clarify that, in the case of a conflict between this rule and any other Supreme Court rule, the other rule will govern. For example, N.D.R.Civ.P. 56 allows parties 30 days to respond to a summary judgment motion, which conflicts with the 10 day response period specified in subdivision (a) of this rule. Under subdivision (e), the N.D.R.Civ.P. 56 response period would prevail.

N.D.R.Ct. 3.2, Explanatory Notes.

[¶ 17] In this case, the State's motion for summary disposition was accompanied by 21 exhibits in support of the motion, thus clearly asking the trial court to go beyond the face of the pleadings. Pleadings are defined:

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14; and a third-party answer, if a third-party complaint if served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

N.D.R.Civ.P. 7(a). Under N.D.R.Ct. 3.2(e) and N.D.R.Civ.P. 56, Johnson should have been allowed thirty days to respond. *Kaiser v. State*, 2005 ND 49, ¶ 8, 693 N.W.2d 26.

[¶ 18] In circumstances when the State's motion for summary disposition relies solely on the pleadings, the ten-day response period, required by Rule 3.2, is the appropriate time for an applicant to respond. In cases, like the one presented by this appeal, in which matters outside the pleadings are presented, a party has thirty days to respond.

In *Johnson*, 2004 ND 130, ¶ 6, 681 N.W.2d 769, we "treated the district court's decision as a dismissal of the application on the pleadings under N.D.R.Civ.P. 12(b)(vi)." We cannot do that in this case, because the State submitted, and the district court relied on, matters in addition to the application. *Kaiser*, 2005 ND 49, ¶ 9, 693 N.W.2d 26. As in *Kaiser*, here the State submitted matters outside Johnson's application and the trial court relied upon them.

[¶ 19] The Post–Conviction Procedure Act specifically requires that a court state upon which grounds an applicant's application is being denied.

If the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing.

N.D.C.C. § 29–32.1–11(2).

[¶ 20] We have stated that a trial court should not dismiss a motion on the pleadings under N.D.R.Civ.P. 12 unless it appears beyond doubt that the movant can prove no set of facts in support of his claim that would entitle him to relief. *Kouba v. State*, 2004 ND 186, ¶ 5, 687 N.W.2d 466.

■■■ [¶ 21] A trial court can dismiss an application based on a motion for summary disposition based on matters that go beyond the pleadings if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Johnson*, 2004 ND 130, ¶ 5, 681 N.W.2d 769.

Whether summary judgment was properly granted is a question of law which we review de novo on the entire record. On appeal, this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law.

*In re Estate of Richmond*, 2005 ND 145, ¶ 12, 701 N.W.2d 897 (citations omitted).

■■■ [¶ 22] Here, Johnson's application alleged he was provided ineffective assistance of counsel when his attorney failed to get a second psychological evaluation. "Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction relief proceeding so the parties can fully develop a record on the issue of counsel's performance and its impact on the defendant's case." *Berlin*, 2005 ND 110, ¶ 8, 698 N.W.2d 266.

[¶ 23] Johnson has not previously raised this issue in an application for post-conviction relief. Thus, the trial court is incorrect when it states: "Defendant's application is simply an attempt to raise issues which could have been raised on appeal." Further, the trial court incorrectly states: "Defendant fails to point to any portion of the record which would justify the relief he is seeking." Under *Vandeberg* the applicant is not required to point to such statements in his initial application. 2003 ND 71, ¶ 4, 660 N.W.2d 568.

[¶ 24] We hold Johnson should have been given thirty days to respond to the State's motion for summary disposition because it relied on matters outside the application. We reverse the judgment summarily dismissing his application for post-conviction relief.

[¶ 25] Johnson also argues that he should have been afforded counsel in his post-conviction relief proceeding. The appointment of counsel for motions brought under the Uniform Post–Conviction Procedure Act is discretionary with the trial court. Absent an abuse of discretion by the trial court, we will not overturn the court's decision not to appoint counsel. *Jensen v. State*, 2004 ND 200, ¶ 13, 688 N.W.2d 374. We have said:

> A trial court should read applications for post-conviction relief in the light most favorable to the applicant, and when a substantial issue of law or fact may exist, the trial court should appoint counsel. However, a trial court does not abuse its discretion in refusing to appoint counsel when the application for relief is completely without merit.

*Id.* (citations omitted). We do not see where, at this point, the trial court has abused its discretion and therefore affirm. However, if Johnson is able to show, in any response he may file, that a substantial issue of law or fact may exist, the trial court can revisit this issue.

### III

[¶ 26] We reverse the trial court's judgment summarily dismissing Johnson's motion for post-conviction relief and remand so that he may be given the thirty days under N.D.R.Civ.P. 56 to respond to the State's motion for summary disposition. We affirm the trial court's denial of Johnson's motion to have counsel appointed.

[¶ 27] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.