2006 ND 26

**Charles D. DUNN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20050336.

Supreme Court of North Dakota.

Jan. 31, 2006.

Thomas E. Merrick, Jamestown, N.D., for petitioner and appellant.

Gary Lee Delorme (argued), Assistant State's Attorney, Jamestown, N.D., and Jodi Lynn Colling (on brief), Legal Services of North Dakota, Bismarck, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Charles D. Dunn appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm the judgment of the district court.

I

[¶ 2] Dunn became involved in a conspiracy to "beat up" or kill another inmate while imprisoned at the James River Correctional Center on unrelated charges. Dunn sat on the inmate while Dunn's co-conspirators hit and twisted the inmate's neck.

[¶ 3] At the preliminary hearing on the conspiracy and attempt charges, Dunn's attorney stated Dunn claimed to be schizophrenic, was medicated, and had appeared to have difficulty understanding the proceedings. A continuance was granted, and Dunn's counsel obtained a review from the correctional center's Special Assistance Unit addressing Dunn's mental state. The review indicated Dunn had "[m]uch preoccupation with his religious strivings, which includes statements implying his omnipotence." It additionally indicated Dunn admitted lying about seeing things and hearing voices to get drugs because he was "looking for a high." Dunn's counsel discussed the review with Dunn and, relying on the report and their discussion, decided not to seek a psychiatric evaluation.

[¶ 4] Dunn subsequently stated his desire to admit his wrongdoing in the conspiracy and to be sentenced. At sentencing, Dunn informed the court he was on psychotropic drugs but claimed they did not affect his ability to understand the proceedings. He gave an account of the conspiracy to form a factual basis, and his guilty plea was accepted.

[¶ 5] Dunn filed a pro se motion for post-conviction relief and requested counsel. After the court appointed counsel, Dunn's attorney moved to amend the application for post-conviction relief and moved for an order allowing him to conduct discovery. The State responded to

Dunn's motions and requested summary dismissal of the post-conviction relief action. The district court denied Dunn's motion to amend the application, and though it did not directly address the discovery motion, effectively denied it by summarily dismissing the post-conviction relief claim.

[¶ 6] Dunn appeals, arguing he was entitled to an evidentiary hearing for his post-conviction relief claim on the issue of ineffective assistance of counsel.

## II

[¶ 7] A post-conviction relief proceeding is civil in nature and governed by the North Dakota Rules of Civil Procedure. *Johnson v. State*, 2005 ND 188, ¶ 6, 705 N.W.2d 830.

[¶ 8] The Uniform Post–Conviction Procedure Act allows for two types of dismissal. First, the State may move for dismissal of an application under N.D.C.C. § 29–32.1–06(2), which is similar to a motion under N.D.R.Civ.P. 12(b)(vi) or (c). *Johnson*, 2005 ND 188, ¶ 9, 705 N.W.2d 830. Such a motion is based on the pleadings alone and allows the plaintiff ten days to respond in accordance with Rule 3.2(a), N.D.R.Ct. *Johnson*, at ¶ 14. The second type permits either party to move for summary disposition of an application under N.D.C.C. § 29–32.1–09(1), which is akin to summary judgment under Rule 56, N.D.R.Civ.P. *Mertz v. State*, 535 N.W.2d 834, 835 (N.D.1995).

[¶ 9] Here, the State moved for summary dismissal under N.D.C.C. § 29–32.1–09(1), attaching with its motion numerous affidavits and exhibits supporting its position that no genuine issue of material fact existed. It further indicated Dunn was bound by a ten-day response time under N.D.R.Ct. 3.2(a). However, because the State clearly intended the court to go beyond the pleadings, the mo-

tion is analogous to a Rule 56, N.D.R.Civ. P., motion and should have been subject to a thirty-day response time. *See Johnson*, 2005 ND 188, ¶ 15, 705 N.W.2d 830.

[¶ 10] We have established the procedure following a motion for summary disposition under N.D.C.C. § 29–32.1–09(1):

The party opposing a motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. However, once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to demonstrate that there is a genuine issue of material fact. The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.

*Mertz*, 535 N.W.2d at 836 (citations omitted).

[¶ 11] Following the State's motion, which was accompanied by evidentiary support establishing a lack of disputed material fact, Dunn's response consisted of a brief containing a reiteration of the facts and his argument, and a short transcript excerpt. He failed to supply any competent evidence showing an issue of material fact.

[¶ 12] Summary dismissal is normally inappropriate for post-conviction relief claims arguing ineffective assistance of counsel because such claims typically require development of a record in an evidentiary hearing. *Abdi v. State*, 2000 ND 64, ¶ 31, 608 N.W.2d 292. In spite of this general rule, the summary judgment rules regarding burdens and burden shift-

ing apply even in ineffective assistance of counsel post-conviction relief cases. Summary dismissal remains appropriate if the petitioner fails to raise a genuine issue of material fact. *Mertz,* 535 N.W.2d at 838. Therefore, Dunn's failure to appropriately respond to the State's motion is fatal, and the district court's dismissal of the action was appropriate.

### III

[¶ 13] Embedded in Dunn's appeal are issues regarding the unanswered discovery request and the State's failure to notify Dunn of the appropriate response time.

[¶ 14] Dunn made a motion for an order permitting discovery on the ineffective assistance of counsel claim. The district court did not respond directly; rather, it summarily dismissed the proceeding. Although we are troubled by this ignored discovery motion, there is no evidence in the record that Dunn was unable to respond to the motion for summary dismissal or that he required discovery in order to properly do so, as would be indicated in a pleading akin to a motion and affidavit under N.D.R.Civ.P. 56(f). Because Dunn failed to establish how the discovery was needed or relevant in light of the State's motion for summary dismissal, we cannot and will not speculate whether Dunn was prejudiced. We therefore conclude based on the record before us that any error, if indeed it was error, was harmless.

[¶ 15] We are also concerned about the State's failure to notify Dunn of the appropriate time to respond to its motion for summary dismissal. The State's notice of motion stated Dunn was allowed only ten days to respond, but because the State's motion asked the court to go beyond the pleadings, Dunn actually was entitled to a thirty-day response time. *Johnson,* 2005 ND 188, ¶ 16, 705 N.W.2d 830.

Although we do not condone the State's error, because Dunn timely responded and gave no indication that more time was required, the error was harmless.

### IV

[¶ 16] No issue of material fact was presented by Dunn to the district court or is reflected in the record on appeal. Therefore, the district court's judgment summarily dismissing Dunn's post-conviction relief action is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.