2010 ND 219

**Alman Andrew WONG, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20100171.**

Supreme Court of North Dakota.

Nov. 9, 2010.

Benjamin C. Pulkrabek, Mandan, N.D., for petitioner and appellant.

Brian David Grosinger, Mandan, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Alman Wong appeals from a district court order dismissing his application for post-conviction relief. We conclude the court erred in summarily dismissing Wong's application. We reverse and remand.

## I

[¶ 2] In December 2009, Wong pled guilty to gross sexual imposition, a class AA felony, and aggravated assault, a class C felony. Wong was sentenced and a criminal judgment was entered. He did not appeal the judgment.

[¶ 3] On April 12, 2010, Wong applied for post-conviction relief, claiming he was denied effective assistance of counsel, his guilty plea was unlawfully induced because he was incompetent to stand trial, and the prosecution unconstitutionally failed to disclose that he had previously been found incompetent to stand trial. On May 12, 2010, the State answered Wong's application, alleging his trial counsel was effective, he could not prove ineffective assistance of counsel, and he waived the issue of mental capacity because he did not raise it during pretrial proceedings. The State did not move for summary disposition.

[¶ 4] On May 25, 2010, the court on its own motion dismissed Wong's post-conviction application "pursuant to N.D.C.C. § 29–32.1–06(2) on the pleadings in that the defendant has [not] alleged, nor can he prove a set of facts to support his claim that would entitle him to relief."

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 29–32.1–03. Wong's appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 6] Wong argues the district court erred in summarily dismissing his application for post-conviction relief.

[¶ 7] The State answered Wong's application for post-conviction relief, but did not move to dismiss it. The court nevertheless dismissed Wong's application on its own initiative under N.D.C.C. § 29–32.1–06(2), which provides:

> The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account of substance regardless of defects of form.

The court found Wong did not allege and could not prove a set of facts to support his allegations.

[¶ 8] Summary dismissal of an application for post-conviction relief is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b)(vi) for failure to state a claim upon which relief can be granted. *Berlin v. State*, 2005 ND 110, ¶ 7, 698 N.W.2d 266. A court may, on its own initiative, and in the cautious exercise of its discretion, dismiss a complaint for failure to state a valid claim. *Henke v. State*, 2009 ND 117, ¶ 13, 767 N.W.2d 881. However, we have said a court's power to dismiss an application for post-conviction relief on its own initiative "must be exercised sparingly and with great care to protect the rights of the parties, and the court should dismiss under Rule 12(b) only when certain it is impossible for the plaintiff to prove a claim for which relief can be granted." *Berlin*, at ¶ 7.

[¶ 9] A motion for dismissal under N.D.R.Civ.P. 12(b)(vi) is based on the pleadings, and when matters outside the pleading are considered, the motion must be treated as a motion for summary judgment under N.D.R.Civ.P. 56. N.D.R.Civ.P. 12(b); *see also Kaiser v. State*, 2005 ND 49, ¶ 9, 693 N.W.2d 26. When a dismissal under N.D.R.Civ.P. 12(b)(vi) is appealed, this Court construes the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true. *Johnson v. State,*

2004 ND 130, ¶ 6, 681 N.W.2d 769. We will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted. *Berlin*, 2005 ND 110, ¶ 7, 698 N.W.2d 266.

[¶ 10] Here, the district court decided Wong had not alleged and could not prove a set of facts to support his claim for relief. In Wong's application for post-conviction relief, he alleged he was denied effective assistance of counsel, his guilty plea was unlawfully induced because he was not competent to stand trial, and he had been found incompetent to stand trial in a federal case in September 2009. Ineffective assistance of trial counsel may be a ground for granting post-conviction relief and generally may not be summarily decided. *Henke*, 2009 ND 117, ¶ 16, 767 N.W.2d 881. Construing Wong's application in a light most favorable to him and accepting the allegations as true, it would not be impossible for Wong to prove a claim for which relief can be granted. *Cf. Johnson*, 2004 ND 130, 681 N.W.2d 769 (district court's decision to dismiss was treated as a dismissal on the pleadings for failure to state a claim and was affirmed because the claims were barred by res judicata or misuse of process). We conclude the district court erred in summarily dismissing Wong's application for post-conviction relief for failure to state a claim upon which relief could be granted.

[¶ 11] The State nevertheless argues the court's decision should be affirmed because the court was familiar with the facts of the case, the issues raised in the application for post-conviction relief were raised and decided prior to entry of judgment in the criminal proceedings, and the court had first-hand knowledge that Wong's allegations were meritless.

[¶ 12] When a court considers matters outside the pleading in ruling on a motion to dismiss under N.D.R.Civ.P. 12(b)(vi), the requirements for summary judgment under N.D.R.Civ.P. 56 apply. *See* N.D.R.Civ.P. 12(b); *see also Kaiser*, 2005 ND 49, ¶ 9, 693 N.W.2d 26. A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Berlin*, 2005 ND 110, ¶ 6, 698 N.W.2d 266. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* A party responding to a motion for summary judgment must be given 30 days to file an answer brief and supporting papers in opposition to the request for summary disposition. N.D.R.Civ.P. 56(c).

[¶ 13] Here the State did not move for summary disposition, and the court dismissed the application on its own initiative thirteen days after the State answered Wong's application. A district court possesses inherent authority to summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09 when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Parizek v. State*, 2006 ND 61, ¶¶ 5, 10, 711 N.W.2d 178. Although a court has inherent authority to summarily dismiss an application on its own initiative, there must be no dispute as to the material facts or the inferences to be drawn from the undisputed facts before a court can dismiss an application under N.D.C.C. § 29-32.1-09. *Parizek*, at ¶ 10. Only a party can move for summary disposition under N.D.C.C. § 29-32.1-09 and put an applicant to his proof. *Henke*, 2009

ND 117, ¶ 15, 767 N.W.2d 881. The petitioner must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before an application can be dismissed. *See id.* at ¶¶ 15–16; *Parizek,* at ¶ 12.

▮▮▮ [¶ 14] An applicant for post-conviction relief does not need to provide proof or evidence with the application. N.D.C.C. § 29–32.1–04; *Berlin,* 2005 ND 110, ¶ 8, 698 N.W.2d 266. We have explained the requirements for filing an application for post-conviction relief:

> While our case law requires a petitioner to establish a basis for post-conviction relief, a petitioner need not provide evidence or proof with an application. N.D.C.C. § 29–32.1–04. A petitioner meeting the required conditions and applying for post-conviction relief must "set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). "Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29–32.1–04(2).

*Vandeberg v. State,* 2003 ND 71, ¶ 4, 660 N.W.2d 568 (quoting *Weaver v. State,* 2003 ND 47, ¶ 4, 658 N.W.2d 352). Because an application is submitted without evidence to support the claims, a petitioner must be put to his proof, given an opportunity to respond to the motion, and given an opportunity to submit evidence before the application can be summarily dismissed. *Berlin,* at ¶ 9.

[¶ 15] Claims of ineffective assistance of counsel are generally not suited for summary disposition. *Henke,* 2009 ND 117, ¶ 9, 767 N.W.2d 881. The purpose of the Uniform Post–Conviction Procedure Act, N.D.C.C. ch. 29–32.1, is to provide a method to develop a complete record to challenge a criminal conviction. *Berlin,* 2005 ND 110, ¶ 6, 698 N.W.2d 266. A claim of ineffective assistance of counsel should be resolved in a post-conviction relief proceeding so the parties can fully develop a record on the issue. *Id.* at ¶ 8. We have said the record and transcripts generally are not adequate to determine claims of ineffective assistance of counsel, and " 'a petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when appropriate, a district court should consider evidence of ineffective assistance of counsel beyond the record.' " *Henke,* at ¶ 16 (quoting *Ude v. State,* 2009 ND 71, ¶ 15, 764 N.W.2d 419).

[¶ 16] The district court dismissed Wong's application thirteen days after the State filed an answer to the application. The court did not give Wong notice, the State did not move for summary disposition and put Wong to his proof, and the court did not give Wong an opportunity to present evidence to establish there were genuine issues of material fact. The court did not comply with the requirements of N.D.R.Civ.P. 56 and N.D.C.C. § 29–32.1–09(1), and we conclude the court erred in dismissing Wong's claims without giving him notice and an opportunity to respond. We reverse and remand for further proceedings consistent with this opinion.

### III

[¶ 17] We conclude Wong's claims are not facially invalid, the court did not comply with the time requirements for N.D.R.Civ.P. 56, and Wong was not given notice and an opportunity to respond to provide evidence to support his claims. We reverse the district court's order summarily dismissing Wong's application for post-conviction relief and remand for further proceedings.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.