Filed 4/4/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 56

Edward Waslaski, Jr., Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120368

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

David D. Dusek, P.O. Box 14145, Grand Forks, N.D. 58208, for petitioner and appellant.

Stephenie L. Davis (argued), State’s Attorney, Pembina County State’s Attorney’s Office, 301 Dakota Street West, #9, Cavalier, N.D. 58220, and Barbara L. Whelan (on brief), Assistant State’s Attorney, Walsh County Courthouse, 600 Cooper Avenue, Third Floor, Grafton, N.D. 58237, for respondent and appellee.

Waslaski v. State

No. 20120368

Sandstrom, Justice.

[¶1] Edward Waslaski appeals from a district court order denying his petition for post-conviction relief on charges he pled guilty to 24 years ago.  We affirm.

I

[¶2] In October 1988, Waslaski pled guilty to 39 counts of burglary under a plea agreement.  A district court sentenced him to twelve years’ imprisonment with three years suspended and 71 days credit for time served.  Waslaski served his time.  He was subsequently convicted of federal crimes.  In October 2011, Waslaski applied for post-conviction relief, arguing he would not have taken the 1988 plea agreement had he known the crimes could be used as sentencing factors for future crimes.  His attorney moved to dismiss the charges or recreate a transcript, arguing that Waslaski’s guilty plea was not entered knowingly, intelligently, or voluntarily and that because the trial court transcripts had been destroyed, Waslaski’s recitation of the facts should be used.  At oral argument Waslaski’s lawyer acknowledged there had never been a transcript.  The court reporter’s handwritten notes were destroyed ten years after the case was completed.  North Dakota Supreme Court Administrative Rule 19 requires that court records be retained in accordance with the records retention schedule, 21 years in felony cases.  The stenographer who took the handwritten notes is dead, as is the district judge who sentenced Waslaski in those cases.

[¶3] The district court denied Waslaski’s motion to dismiss or “recreate” a transcript and asked the parties to brief the issue of whether there was any duty by the Court at the time the petitioner pleaded guilty in October of 1988 to advise him of the potential for enhanced sentencing and penalties in future convictions.  The State then briefed the issue and sought summary disposition.

[¶4] The district court denied Waslaski’s application for post-conviction relief, concluding there was never a duty of the court to inform Waslaski of potential future penalty enhancements if he committed other crimes and he was not entitled to relief.  The district court also ruled Waslaski was not entitled in the absence of a stenographer’s notes to speculate 24 years later that those notes might reveal an error warranting post-conviction relief.

[¶5] On appeal, Waslaski argues he was prejudiced because his counsel was unable to review a transcript or file and he should be able to use his recitation of fact in the absence of a transcript.  He also argues his original guilty plea was not entered knowingly, intelligently, or voluntarily and he received ineffective assistance of counsel.

[¶6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29-32.1-03.  Waslaski’s appeal is timely under N.D.R.App.P. 4(d).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-32.1-14.

II

[¶7] Waslaski argues he was prejudiced because his counsel was not allowed to review a transcript or file and suggests his recitation of fact should be used in the absence of a transcript.  “Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure.”  
Odom v. State
, 2010 ND 65, ¶ 9, 780 N.W.2d 666.  A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  N.D.C.C. § 29-32.1-09; 
Kaiser v. State
, 2005 ND 49, ¶ 6, 693 N.W.2d 26.  “We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment.”  
Wilson v. State
, 1999 ND 222, ¶ 13, 603 N.W.2d 47.

Once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.  
The resisting party may not simply rely upon the pleadings or upon unsupported, conclusory allegations
.

Id.
 at ¶ 14 (internal citations and quotations omitted) (emphasis added).

 

A

[¶8] Waslaski argues the destruction of the transcripts deprives him of the right to have his case reviewed by counsel, and in the absence of any transcripts, counsel is unable to review the record and discover any available means for post-conviction relief.  His argument is problematic for a number of reasons.  First, nothing in the record reflects that a transcript was ever prepared from the now-deceased stenographer’s handwritten notes.  Next, Waslaski’s argument shows there is no genuine issue of material fact present because he cannot review a transcript to find one.  In addition, the records retention schedule under N.D. Sup. Ct. Admin. R. 19 requires felony court records to be retained for 21 years from the date of final disposition.  Waslaski’s criminal judgment was entered in October 1988.  Under this Court’s retention schedule, the stenographic notes would have been destroyed in 2009.  Waslaski did not seek the stenographic notes until 2012, three years after they would have already been destroyed.

[¶9] Waslaski next asserts the “State cannot be allowed to petition the Court, with unclean hands, and ask that the Court deny Mr. Waslaski his right to the Post-

Conviction Relief processes for lack of records, which the State is responsible for destroying.”  This allegation fails to acknowledge that additional court materials and records are available and that the stenographic notes were destroyed by the clerk of district court, not the prosecutor.

[¶10] Finally, Waslaski fails to acknowledge the State’s petition for summary dismissal did not ask to deny Waslaski’s petition for relief on the basis of a lack of records but stated there was no duty to inform Waslaski of the potential consequences of future convictions.  The law distinguishes between “collateral” and “direct” consequences of a guilty plea.  “In general terms, before a plea can intelligently and voluntarily be offered, the defendant must be informed of all ‘direct consequences’ of his plea, but need not be advised of ‘collateral consequences.’”  
Houle v. State
, 482 N.W.2d 24, 30 (N.D. 1992).  
See also
 
Chaidez v. United States
, 133 S. Ct. 1103, 1110-1111 (2013) (The Sixth Amendment requirement announced in 
Padilla v. Kentucky
, 559 U.S. 356 (2010), that an attorney must advise a criminal defendant about a collateral consequence of a guilty plea—risk of deportation—does not apply retroactively.).  The district court correctly concluded:

Therefore, even presuming that a transcript or record cannot be created, the petitioner is not entitled to a dismissal of these convictions or the relief he has sought.  Even presuming that he was not advised of the potential for future sentence enhancement if he committed another offense, there was never any obligation by the trial court to advise him of this possibility.  It was merely a collateral consequence of his convictions.

(Internal citations omitted.)  As such, we conclude Waslaski raises no genuine issue of material fact, and his argument is without merit.

 

B

[¶11] Waslaski next argues his guilty plea was not entered knowingly, intelligently, and voluntarily because his sentence was entered prior to his being informed of his constitutional right to counsel, the maximum and minimum jail terms possible, and his right to appeal.

[¶12] Each of Waslaski’s previous arguments stems from a lack of stenographer’s notes.  This argument makes no mention of a missing transcript.  Here the available record is helpful in piecing events together.  The plea agreement Waslaski and his attorney signed includes the information about which Waslaski argues he was not informed.  The agreement stipulated:

6. That the defendant understands the following rights and understand[s] that he gives up such rights by pleading guilty:

a. The right to a jury trial;

b. The right to confront the witnesses against him and to cross-examine them;

c. The right to present evidence and call witnesses in his defense, knowing that the State will compel witnesses to appear and testify;

d. The right to be represented by counsel (appointed free of charge, if the defendant cannot afford to hire a lawyer, subject to a requirement that the defendnat [sic] repay the county if he is able) at trial of the proceedings; and 

e. The right to remain silent, to refuse to be a witness against himself, and to be presumed innocent until proven guilty beyond a reasonable doubt.

In addition, above Waslaski’s signature, read:

I, EDWARD WASLASKI, the defendant, am not on or under the influence of any drug, medication, liquor or other intoxicant, and I am at this time fully capable of understanding the terms and conditions of this Plea Agreement.

Similarly, above his lawyer’s signature, read:

I have discussed this case with my client in detail and advised my client of his constitution [sic] rights and all possible defenses.  I believe my client understands this Plea Agreement 
including the range of sentence my client faces
 and the consittution [sic] rights my client give [sic] up by entering into this agreement.  I believe that the plea and disposition set forth herein are appropriate under the facts of the case.  I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein and have advised my client that is [sic] agreement is subject to the acceptance of the Court and that it is within the sound discretion of the Court to either accept or reject this agreement and the conditions hereof.

(Emphasis added.)  In addition, the clerk of court’s notes provided in Waslaski’s appendix clearly state:

Oct 20 1988 Defendant appeared in Court with his attorney Larry DuBois.  Criminal informations filed.  
Constitutional rights explained to defendant by James H. O’Keefe, District Judge
.  Defendants plea Guilty to all charges, plea agreement accepted by the Court.

(Emphasis added.)  Waslaski raises no genuine issue of material fact.

 

C

[¶13] Finally, Waslaski argues he received ineffective assistance of counsel.  This argument, however, was not raised in the district court.  “Arguments raised for the first time on appeal generally will not be considered by this Court.”  
Berlin v. State
, 2000 ND 13, ¶ 20, 604 N.W.2d 437.

III

[¶14] We affirm the district court order denying Waslaski’s petition for post-

conviction relief.

[¶15] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.