2016 ND 147

Damon WHITE BIRD, Petitioner and Appellant

v.

STATE of North Dakota, Respondent and Appellee.

No. 20160025.

Supreme Court of North Dakota.

July 20, 2016.

Rehearing Denied July 28, 2016.

Damon J. White Bird, self-represented, Bismarck, ND, petitioner and appellant; on brief.

Tristan Jones Van de Streek, Cass County Courthouse, Fargo, ND, for respondent and appellee; on brief.

CROTHERS, Justice.

[¶ 1] Damon White Bird appeals an order denying his application for post-conviction relief. White Bird argues the district court erred dismissing his application because he received ineffective assistance of appellate counsel. We affirm the order because the district court's findings of fact were supported by a preponderance of the evidence.

I

[¶ 2] In 2013 the State charged White Bird with attempted murder, a class A felony; two counts of felonious restraint, class C felonies; tampering with physical evidence, a class A misdemeanor; and aggravated assault, a class C felony. White Bird represented himself at trial with limited assistance of standby counsel. A jury found White Bird guilty on all five counts. Represented by counsel, White Bird appealed the criminal judgment, arguing he was not competent to waive his right to counsel at trial. In 2015 this Court affirmed the criminal judgment, concluding White Bird was competent to waive his right to counsel. *State v. White Bird*, 2015 ND 41, ¶ 1, 858 N.W.2d 642.

[¶ 3] White Bird applied for post-conviction relief arguing he received ineffective assistance of counsel. The district court denied his application, finding White

Bird's claim was barred by the North Dakota Supreme Court decision in *White Bird*, affirming he competently waived his counsel and represented himself. *White Bird*, 2015 ND 41, ¶ 1, 858 N.W.2d 642. The State moved the district court to reconsider because it only addressed whether White Bird received effective assistance of counsel at trial and did not address whether he received effective assistance of counsel on appeal. The district court held a hearing and again denied White Bird's application, finding he did not receive ineffective assistance of appellate counsel. White Bird appeals.

## II

■■■ [¶ 4] White Bird argues he is entitled to post-conviction relief because he received ineffective assistance of appellate counsel. We will, as the district court did, assume without deciding that the Uniform Postconviction Procedure Act in N.D.C.C. ch. 29–32.1 applies to direct appeal appellate counsel. A district court's findings of fact in a post-conviction relief proceeding will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Tweed v. State*, 2010 ND 38, ¶ 15, 779 N.W.2d 667. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully reviewable on appeal. *Samburksy v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247.

■■■ [¶ 5] To establish a claim of ineffective assistance of counsel White Bird's burden was twofold. First, White Bird needed to show his counsel's performance was defective. *State v. McLain*, 403 N.W.2d 16 (N.D.1987) (*citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, he needed to show his defense was prejudiced by the proven defects. *Id.* White Bird argues his appellate counsel failed to raise many issues which he deemed important. "Effectiveness of counsel is measured by an objective standard of reasonableness considering prevailing professional norms." *State v. Steen*, 2004 ND 228, ¶ 9, 690 N.W.2d 239 (internal quotation marks omitted). Counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight. *Id.* To prevail on his claim, White Bird was required to "overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Heckelsmiller*, 2004 ND 191, ¶ 3, 687 N.W.2d 454.

■■■ [¶ 6] The district court heard testimony that White Bird's appellate counsel represented individuals in state and federal appeals for over 35 years and in approximately 80 cases, of which 60 cases were criminal appeals. White Bird's appellate counsel testified he studied the entire record in this case and formulated what he believed to be the most effective argument to make to the North Dakota Supreme Court. White Bird's appellate counsel testified in his experience it is more effective to "identify just a handful of issues, maybe two or three issues rather than trying to take a shotgun approach." White Bird presented no evidence that this strategy fell outside the wide range of reasonable professional assistance or is contrary to prevailing professional norms.

[¶ 7] White Bird admitted all of the issues he deemed important to raise on appeal were included in a supplemental brief he filed. White Bird wrote his supplemental brief and testified he is capable of expressing himself in writing. White Bird mailed the supplemental brief to his appellate counsel and his appellate counsel filed it in this Court. Therefore, all of the issues White Bird wished to raise on appeal were raised either by his appellate counsel or through his supplemental brief.

[¶ 8] The district court denied White Bird's post-conviction relief, finding that he failed to establish either that his appellate counsel's representation was objectively unreasonable or defective and that the result of the appeal would have been different but for his counsel's performance. Evidence that White Bird raised all of the issues he deemed important both through experienced appellate counsel and in his own supplemental brief supports the district court's findings. The district court's denial of White Bird's post-conviction relief was not clear error because the court's findings were supported by a preponderance of the evidence.

### III

[¶ 9] White Bird argues the district court erred limiting his claim of ineffective assistance of counsel to only his appellate counsel instead of also allowing him to allege ineffective assistance of trial counsel. White Bird represented himself at trial and he has no claim for his own ineffectiveness. *See State v. Hart,* 1997 ND 188, ¶ 25, 569 N.W.2d 451 (citing *Far-*

*etta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)) (" '[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel." ' "). This Court already addressed whether White Bird was competent to represent himself in *White Bird,* 2015 ND 41, ¶ 1, 858 N.W.2d 642. Therefore, the district court did not err limiting White Bird's claim to the effectiveness of his appellate counsel.

[¶ 10] White Bird includes numerous other contentions in his brief. We conclude any remaining issues or arguments are without merit or unnecessary to the decision.

### IV

[¶ 11] We affirm the order denying White Bird's post-conviction relief because the district court's findings of fact were supported by a preponderance of the evidence.

[¶ 12]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.