2016 ND 250

**Keith KRAFT, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160116**

Supreme Court of North Dakota.

Filed 12/20/2016

Samuel A. Gereszek, East Grand Forks, MN, for petitioner and appellant; submitted on brief.

Nathan K. Madden, Assistant State's Attorney, Williams County State's Attorney's Office, Williston, ND, for respondent and appellee; submitted on brief.

Sandstrom, Justice.

[¶ 1] Keith Kraft appeals a district court judgment summarily dismissing his application for post-conviction relief. Concluding the district court did not err by dismissing without allowing him thirty days to respond to the State's motion to dismiss, we affirm.

I

[¶ 2] In 2015, Kraft applied for post-conviction relief to vacate his 1983 drug delivery conviction. The State moved to dismiss, arguing his application was time-barred under N.D.C.C. § 29–32.1–01. Twenty-eight days after the State's motion, and before Kraft responded, the district court dismissed. The court denied Kraft's motion for reconsideration. Kraft appeals, arguing the district court erred by dismissing his application for post-conviction relief without allowing him thirty days to respond under the rules of civil procedure.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 29–32.1–03.

Kraft's appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 4] Kraft does not argue the merits of his application for post-conviction relief; instead, he argues the district court should have allowed thirty days for him to respond under N.D.R.Civ.P. 56. Interpretation of rules are questions of law. *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *White Bird v. State*, 2016 ND 147, ¶ 4, 882 N.W.2d 727 (quoting *Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390). "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625. The North Dakota Rules of Court also apply to post-conviction relief proceedings. *Johnson v. State*, 2005 ND 188, ¶ 6, 705 N.W.2d 830 (citing N.D.R.Ct. 1.1).

[¶ 5] A motion to summarily dismiss an application for post-conviction relief is treated as under either N.D.R.Civ.P. 12(b)(vi), failure to state a claim upon which relief can be granted, or N.D.R.Civ.P. 56, summary judgment, for purposes of determining the time in which an applicant may respond. *Johnson*, 2005 ND 188, ¶¶ 13–15, 705 N.W.2d 830. An applicant has fourteen days to respond if the motion is under N.D.R.Civ.P. 12(b)(vi), and an applicant has thirty days to respond if the motion is under N.D.R.Civ.P. 56. *See id.* at ¶¶ 14, 17; N.D.R.Ct. 3.2(a) (amendment since changed the ten-day response time to a fourteen-day response time). Whether a State's motion to summarily dismiss is treated under N.D.R.Civ.P. 12(b)(vi) or N.D.R.Civ.P. 56 depends on whether the State's motion asks the district court to go beyond the parties' pleadings. *Id.* at ¶¶ 14 –15. If the State's motion stays within the parties' pleadings, the motion is treated under N.D.R.Civ.P. 12(b)(vi), and the applicant has fourteen days to respond. *Id.* at ¶ 14; N.D.R.Ct. 3.2.(a). If the State's motion goes outside the parties' pleadings, the motion is treated under N.D.R.Civ.P. 56, and the applicant has thirty days to respond. *Id.* at ¶ 17.

[¶ 6] Here, the issue is whether the State's motion asked the district court to go beyond the parties' pleadings. A review of the parties' pleadings and the State's motion to dismiss shows the State's motion to dismiss contained the same matters as the parties' pleadings. Kraft's pleading, his application for post-conviction relief, requested relief for a nearly thirty-year-old conviction, well beyond the statutory two-year limitation under N.D.C.C. § 29–32.1–01. His pleading did not assert any argument to excuse his untimely application. The State's motion to dismiss informed the district court that Kraft's application was untimely under N.D.C.C. § 29–32.1–01. Kraft argues the State asked the district court to go beyond the pleadings by referencing N.D.C.C. § 29–32.1–01 in its motion to dismiss. Kraft cites no authority, however, that a district court goes beyond the pleadings when it considers the law. The district court dismissed Kraft's application on the basis of the information before it contained in the pleadings. We therefore conclude the State's motion to dismiss did not ask the district court to go beyond the pleadings merely because it cited law not cited in the parties' pleadings.

[¶ 7] Kraft also argues the State's motion to dismiss should be treated under N.D.R.Civ.P. 56, summary judgment, allowing him thirty days to respond, because the State used the phrase "summary dismissal" in its motion to dismiss. The use of

the phrase "summary dismissal" does not control how we treat the motion.

[¶ 8] The district court correctly treated the State's motion to dismiss as being under N.D.R.Civ.P. 12(b)(vi). The district court did not err by granting the State's motion to dismiss after fourteen days had passed.

## III

[¶ 9] We affirm the district court's judgment.

[¶ 10] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.