# IN THE COURT OF APPEALS OF IOWA

No. 14-0643
Filed April 22, 2015

**FRED MANLEY,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith,
Judge.

Fred Manley appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant
Attorney General, Michael J. Walton, County Attorney, and Rob Cusack,
Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

Fred Manley appeals from the district court's denial of his application for postconviction relief.

Manley was charged by trial information with two counts of lascivious acts with a child, one count of third-degree sexual abuse, and one count of second-degree sexual abuse. The evidence against Manley was strong. In addition to proposed testimony from a number of individuals involved in the case including the victim, Manley himself on two occasions made statements to police during interviews that he had perpetrated the charged crimes. On advice of counsel, Manley pleaded guilty to three charges: both lascivious-acts counts, and one count of third-degree sexual abuse. As part of the plea agreement, the State dismissed the second-degree sexual abuse charge. Manley appealed following his sentencing, and our supreme court dismissed the appeal as frivolous.

Manley filed an application for postconviction relief, asserting ineffective assistance of counsel. He claimed his counsel failed to adequately investigate; Manley listed four potential witnesses he believed would have testified in his defense. The district court held a hearing on March 21, 2014. The only evidence presented was the testimony of Manley himself and that of Manley's former counsel. None of the four purported witnesses appeared at the postconviction hearing. The district court denied Manley's application for postconviction relief, and he appealed.

To prevail on his claim, Manley must prove by a preponderance of the evidence his counsel failed to perform an essential duty and prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009); *State v. Straw*, 709 N.W.2d

128, 133 (Iowa 2006). To establish a failure to perform an essential duty, Manley must overcome our presumption that counsel performed competently and prove counsel's performance fell below the standard of a reasonably competent practitioner. *Straw*, 709 N.W.2d at 133. To establish prejudice in the context of a guilty plea, he must prove a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Carroll*, 767 N.W.2d at 641.

Manley has failed to establish either prong. We cannot say counsel's failure to identify or investigate these four purported defense witnesses fell below the standard of a reasonably competent practitioner because the testimony of counsel reflects that Manley never made their existence known. Additionally, there is no evidence the four actually had any relevant testimony to offer. Defense counsel talked to Manley's wife, one of the witnesses he now claims should have been investigated, and nevertheless recommended the plea agreement. Manley's description of what he hoped the four witnesses' testimony might contain was vague and speculative—basically, he hoped they would say he did not commit the crimes.

Further, there is no indication Manley would not have pleaded guilty even if the four witnesses had been identified. Counsel testified he would have recommended accepting the plea agreement regardless due to the strength of the evidence against Manley, and the agreement benefitted Manley because the most severe charge was dismissed. Manley's conclusory claim that he would not have pleaded guilty is not a sufficient assertion of prejudice, and there is no other

evidence in the record to support such a claim. *See State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

We agree with the district court; Manley's postconviction relief application is without merit, and we therefore affirm.

**AFFIRMED.**